UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

DEC 27 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. B-04-015 |
| v. § | |
| § | |
| § | |
| $155,895 UNITED STATES CURRENCY § | |
| Defendant. | |

## UNITED STATES' MOTION TO STRIKE STATEMENT OF INTEREST AND MOTION FOR DEFAULT JUDGMENT OF FORFEITURE, AND SUPPORTING BRIEF

The United States moves for an Order Striking the Statement of Interest of Omar Martinez and moves for a Default Judgment of Forfeiture under Fed. R. Civ. P. 55. The grounds for this motion are as follows:

1. The claim filed on Omar Martinez's behalf was not verified in compliance with Rule C(6)(a)(i) and (ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. If Martinez's Claim is stricken, no other Verified Claim has been filed by a claimant with a legal interest in the property sought to be forfeited.

1

I. <u>Issue Presented</u>

The issue presented is whether this Court should strike Omar Martinez's Statement of Interest since he failed to verify it pursuant to Supplemental Rule C(6)(a)(i), and therefore, has failed to demonstrate standing to contest the forfeiture of Defendant Currency.

II. <u>Statement of the Nature and Stage of the Proceeding</u>

On February 2, 2004, the United States filed a Verified Complaint for Forfeiture In Rem against Defendant Property seeking civil forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to illegal drug trafficking in violation of the federal Controlled Substances Act, 21 U.S.C. § 801, *et. seq*. The Complaint alleges that the Defendant Currency was used or was intended to be used in exchange for controlled substances, represents the proceeds of controlled substances, or was being used to facilitate a violation of Title II of the Controlled Substances Act, Sections 801 *et seq*. (DE #1).[1]

Specifically, the complaint alleges that on August 4, 2003, law enforcement officers engaged Omar Martinez in a consensual conversation after observing him exit a bus in Harlingen, Texas. During the conversation, Martinez became

---

[1] "DE" refers to the docket entry in Civil Docket for Civil Action Number B-04-015. The number that follows is the docket entry number. The United States will refer to filings in this case by their docket entry number.

2

progressively more nervous and agitated, answering routine questions evasively and inconsistently. He denied having possession of more than $2000. Officers obtained Martinez's consent to search his luggage, which included a Karoake machine and a DVD player. A narcotics detection canine alerted to the presence of narcotics on the Karoake machine, the DVD player, the suitcase, and $1945 United States currency found in Martinez's pocket. Officers discovered seven vacuum-sealed packages of United States currency hidden within the Karaoke machine and three vacuum-sealed packages of United States currency hidden within the DVD player. The ten packages contained a total of $153,950. At the time of the seizure, Martinez was an unemployed truck driver with no known significant savings or other sources of legitimate income (DE # 1).

    The United States gave proper notice to all parties with an interest in the Defendant Property pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. Notice of Forfeiture was published in the Valley Morning Star for three consecutive weeks – on March 12, 2004, March 19, 2004, and March 21, 2004. The Notice stated that anyone with a legal interest in the Defendant Property who seeks to contest the forfeiture must file a Claim in the manner set forth in Rule C of the Supplemental Rules for Certain Admiralty and

Maritime Claims within 30 days after execution of process and an Answer within 20 days thereafter (DE # 9).

Omar Martinez, his wife Mayra Martinez, and his attorney Oscar De La Fuente Jr., were all served with a copy of the complaint and judge procedures on March 4, 2004 (attorney), and March 26, 2004 (Martinez and his wife) (DE # 7-8, a copy of the process return and receipt served on Mr. De La Fuente is attached as exhibit "A" since it does not appear to be entered on the docket sheet).

On March 24, 2004, Omar Martinez, by and through Mr. De La Fuente, filed a Statement of Right of Interest alleging that Martinez is the bona fide owner of the Defendant Property (DE # 6). Mr. De La Fuente verified the Statement of Right of Interest by declaring he was the attorney for respondent, read the statement, and declared upon information currently available and belief, that the statements of ownership contained in the statement are rue. Mr. De La Fuente's verification did not contain an attestation or affirmation under the penalty of perjury. Nor was it notarized.

On the same date, Mr. De La Fuente filed Martinez's Answer, denying the allegations in the United States' forfeiture complaint that the Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), as proceeds of illegal drug trafficking in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et. seq.*

The Answer contained a verification (again with no oath under the penalty of perjury or notarization) signed by Mr. De La Fuente, stating he had read the Answer and upon information currently available and belief, the admissions, denials and defenses contained in the Answer are true (DE # 4). Mr. De La Fuente also filed "Martinez's Statement of Persons and Entities Known to Have a Financial Interest in this Litigation," stating that all persons known to have an interest in this case have been identified and have filed a response with this Court and that Martinez has no knowledge of any additional parties with a financial interest in this litigation (DE # 5).

On December 8, 2004, Mr. Daniel Sanchez filed an Appearance of Counsel stating Omar Martinez had retained him to represent him in this case. Mr. Sanchez filed a Motion for Initial Pre-Trial and Scheduling Conference on the same date (DE # 11). According to a letter addressed to Assistant United States Attorney Brian Moffatt on December 22, 2004, regarding this action, Mr. De La Fuente and Mr. Sanchez both represent Martinez in this action and are working together (Copy of letter is attached as Exhibit "B").

### III. Summary of Argument

Martinez has failed to establish statutory standing to contest the forfeiture of Defendant Currency since he did not file a verified Statement of Interest in accordance with Supplemental Rule C(6)(a)(i).

5

## IV. Legal Argument

Procedurally, Title 21 forfeitures are governed by the Customs laws on seizures. Rule C(6) of the Supplemental Rules for Certain Admiralty Claims provides:

> (a) **Civil Forfeiture**. In an in rem forfeiture action for violation of a federal statute:
>
> (a)(i) a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right:[2]
>
> (A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or
>
> (B) within the time the court allows . . .

The above Rules are incorporated in the general rules for civil forfeiture proceedings, 18 U.S.C. § 983(a)(4)(A) and (B).

In order to have statutory standing to challenge a forfeiture proceeding, a claimant must strictly comply with the pleading requirements of Supplemental Rule C(6). *United States v. Currency $267,961.07*, 916 F.2d 1104, 1108 (6th Cir.

---

[2] Prior to 2000, Supplemental Rule C(6) provided: "The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action." Rule C(6) was amended in 2000 to change the term "claim" to "statement of interest". *See* Rule C(6)(a)(i). "The substantive nature of the statement of interest remains the same as the former claim." Rule C(6), Advisory Committee Notes, 2000 Amendment, Subdivision (6). No substantive change was made with respect to the verification requirement. *See United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 73 (2d Cir. 2002).

6

1990). Courts have repeatedly enforced strict compliance with the Rule C(6)'s filing requirements. *See United States v. Commodity Account No. 549 54930*, 219 F.3d 595, 598 (7th Cir. 2000)("Strict compliance with Supplemental Rule C(6) is typically required"); *United States v. Gateway Blvd.,* 123 F.3d 312, 313 (5th Cir. 1997)(Denying *pro se* claimant's request for extension of time after failing to file timely verified claim); *United States v. Ford 250 Pickup 1990*, 980 F.2d 1242, 1246 (8th Cir. 1992)(District court properly entered an order striking claim of ownership for failure to comply with Rule C(6)); *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1115 (5th Cir. 1992)(Affirming district court's decision to strike claimant's answer that did not strictly conform to Rule C's procedural requirements); *United States v. $288,914 in United States Currency*, 722 F.Supp. 267, 270 (E.D.La. 1989)("strict conformity, not casual compliance, is the message of the case literature").

The filing of a *verified* claim is essential to conferring statutory standing upon a claimant in a forfeiture action and is a prerequisite to the right to file an answer and defend on the merits. *United States v. One 1978 Piper Navajo PA-31, Aircraft*, 748 F.2d 316, 319 (5th Cir. 1984); *United States Currency in the Amount of $2,857*, 754 F.2d 208, 213 (7th Cir. 1985)(An essential element of a claim under Rule C(6) is that it must be verified on oath or solemn affirmation); *United States v. $50,200 in United States Currency*, 76 F.Supp.2d 1247, 1256-57 (D. Wyoming

1999)(Claimant failed to acquire statutory standing and consequently could not defend all or part of defendant property in civil forfeiture case when he did not file timely verified claim). Where a claimant has failed to file a *verified* statement of interest, his claim or statement of interest should be struck and a default judgment entered. *See United States v. Beechcraft Queen Airplane*, 789 F.2d 627, 630 (8th Cir. 1986)(District court did not abuse its discretion in striking answer that was not preceded by verified claim); *$50,200 in United States Currency*, 76 F.Supp.2d at 1256-57 (Struck answer that was not preceded by verified claim). The decision to strike a claim for failure to comply with Rule C(6) falls within the discretion of the court. *$38,570 U.S. Currency*, 950 F.2d at 1115.

The statement of interest under Rule C(6) serves a distinct purpose. It requires a party seeking to challenge the government's forfeiture of property to "'demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture.'" *One 1978 Piper Navajo PA-31, Aircraft*, 748 F.2d at 319 (citation omitted). *Accord Beechcraft Queen Airplane*, 789 F.2d at 630 (In order to obtain the return of specific property in an admiralty case, it is incumbent upon the claimant to put his or her ownership clearly in issue by filing a verified claim in accordance with Rule C(6)).

The term "verify" means to "confirm or substantiate by oath or affirmation." BLACK'S LAW DICTIONARY, Fifth Edition (1979). A verification is

particularly used to make a formal oath to accounts, petitions, pleadings, and other papers. *Id.* "The word 'verified' when used in a statute, ordinarily imports a verity attested by the sanctity of oath. It is frequently used interchangeably with 'sworn'[;] [t]o prove to be true; to confirm or establish the truth or truthfulness of; to check or test the accuracy or exactness of; to confirm or establish the authenticity of; to authenticate; to maintain; to affirm; to support; second; back as a friend." *Id.*

"The purpose of [Rule C(6)'s] verification requirement is to prevent false claims." *United States v. 51 Pieces of Real Property, Roswell, New Mexico*, 17 F.3d 1306, 1318 (10th Cir. 1994). "Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that [is] easily excuse[d]." *United States v. Commodity Account No. 54954930 at Saul Stone & Company*, 219 F.3d 595, 597 (7th Cir. 2000). *Accord Beechcraft Queen Airplane*, 789 F.2d at 630 ("Any party who wishes to defend a forfeiture action should be forced to swear to his interest in the forfeited property").

Here, Mr. De La Fuente's verification of Martinez's Statement of Right of Interest does not comply with Supplemental Rule C(6)(a)(i) for several reasons. The verification is not sworn or attested under the penalty of perjury; it does not contain *Martinez's* verification of ownership; and it is based entirely on hearsay

9

and belief rather than personal knowledge. Counsel simply signed, without oath or affirmation, the so-called verification as Martinez's attorney, stating he read the Statement of Right of Interest which alleges that Martinez is the bona fide owner of the Defendant Currency, and upon information currently available and belief, the statements of ownership therein are true (*See* DE # 6).

As shown above, the requirement of verification under Rule C(6) is not a mere technicality but requires the claimant to place himself at risk of perjury for false claims. *Commodity Account No. 54954930 at Saul Stone & Company*, 219 F.3d at 597. The verification contained in Martinez's statement of interest does not accomplish this essential element to confer statutory standing. *United States Currency in the Amount of $2,857*, 754 F.2d at 213; *One 1978 Piper Navajo PA-31, Aircraft*, 748 F.2d at 319.

Further, Mr. De La Fuente has not established how he knows the facts alleged in Martinez's Statement of Right of Interest are true or the source of his information and belief. Nor does he explain why verification is not made by Martinez himself or how he is authorized to file and verify the statement of interest. *See* Rule C(6)(a)(ii)(agent, bailee, or attorney must state the authority to file a statement of interest or right against the property on behalf of another). Mr. De La Fuente does not have authority to verify Martinez's statement of interest merely because of his status as counsel. He must still establish he has knowledge

10

of the facts in order to verify the truthfulness of the allegations in the statement of interest.

According to Mr. De La Fuente's representation in the verification, his knowledge appears to be based entirely on hearsay information and belief. He, is therefore, not subject to the penalty of perjury; nor is he capable of providing discovery by way of interrogatories or deposition regarding the facts alleged in the Statement of Interest. Accordingly, the verification fails to serve its intended purpose of preventing false claims, and Martinez has failed to establish he has statutory standing to contest the forfeiture of Defendant Currency under Rule C(6)(a)(i). *See Mercado v. U.S. Customs Service*, 873 F.2d 641, 644 (2d Cir. 1989) (Conclusory and factually unsupported verification by Mercado's attorney that to "the best of his knowledge, information and belief" Mercado was in possession of defendant currency was insufficient to satisfy Rule C(6)'s procedure requirements for opposing a forfeiture. The Court held that "[b]ecause there is a substantial danger of false claims in forfeiture proceedings, . . . more was required than the conclusory, hearsay, on-information-and-belief statement of Mercado's lawyer. . . Affidavits such as this by an attorney would be given no weight in summary judgment proceedings." To avoid the risk of false claims, "where the claimant is available to verify his own claim, he should not be permitted to rely upon a hearsay and conclusory verification by his lawyer")(*see* cases cited therein).

11

*Compare United States v. $100,348.00*, 354 F.3d 1110, 1118-19 (9th Cir. 2004)(Applied federal local rule in the Central District of California which permits an attorney's verification of a complaint if he states the source of his knowledge, information and belief in the complaint, declares that the document verified is true, states why verification is not made by the party and states that the affiant is authorized so to verify. Court held that even under this more lenient standard, that counsel's simple statement that she was authorized to file the claim was insufficient. The danger of false claims requires courts to demand more than conclusory or hearsay allegations in the statement of interest).

Some circuits have used the law of the forum state to determine the sufficiency of a verification upon a finding that the Federal Rules of Civil Procedure or federal local rules were silent on such question. *See Currency $267,961.07*, 916 F.2d at 1108 (Applied Michigan civil rules to determine whether the forfeiture claim was properly verified); *United States v. U.S. Currency in the Amount of $103,387.27*, 863 F.2d 555, 560 (7th Cir. 1988)(applied Indiana law).

Under Texas law (the forum state in this case), Rule 93 of the Texas Rules of Civil Procedure requires that certain pleas, unless the truth of such matters appear of record, shall be verified. The verification must be made by sworn affidavit <u>by someone who has personal knowledge</u>. Rule 93 provides narrow exceptions which allow verification upon information and belief–none which

12

apply here. *See generally Cantu v. Holiday Inns, Inc.*, 910 S.W.2d 113, 115-16 (Tex. App.–Corpus Christi 1995)(Although Tex. Rule Civ. P. 14 permits a party's attorney to verify pleadings, the rule does not obviate the attorney's responsibility to meet the personal knowledge requirement of Rule 93. He does not have the authority to verify merely based on his status as counsel. If the attorney does not have personal knowledge of the matters involved, he cannot properly deny them under oath since they would be hearsay to him)(provides good discussion and review of case law).

## V. Conclusion

For all the foregoing reasons, Omar Martinez does not have standing to contest the forfeiture. He has further failed to show good cause for failing to timely file a verified statement of interest pursuant to Supplemental Rule C(6)(a)(i). *See United States v. One 1988 Dodge Pickup*, 959 F.2d 37, 41 (5th Cir. 1992)(Upheld district court's refusal to set aside default judgment in forfeiture proceeding where appellants failed to demonstrate good cause for not filing a timely claim and answer, and that they had a defense to the forfeiture which probably would have been successful); *Beechcraft Queen Airplane*, 789 F.2d at 630 (Default judgment was appropriate where the appellant gave no reason why a proper verified claim was not filed); *$50,200 In United States Currency*, 76 F.Supp.2d at 1256-57 (Court struck claim and answer where counsel's sole

explanation for failure to file a verified claim in compliance with Rule C(6) was that she failed to fully inform herself of the Rule's requirements. The court found there were no mitigating factors which affected the claimant's ability to strictly comply with Rule C(6)).

The United States respectfully requests this Court to enter an order striking both Martinez's Statement of Right of Interest and Answer for noncompliance with Supplemental Rule C(6)(a)(i). Since no other verified Statement of Interest has been filed by a claimant with a legal interest in the property sought to be forfeited, the United States moves for a Default Judgment and Final Decree of Forfeiture against Defendant Property pursuant to Fed. R. Civ. P. 55(b)(2).[3]

A hearing is required only if it is necessary to determine the amount of damages, establish the truth of an averment by evidence, or to investigate any other matter in order to enable the court to enter a default judgment. Fed. R. Civ. P. 55(b)(2). None of the above factors are present in this case. The Court can determine from the pleadings and record that Martinez's claim should be stricken for failure to comply with Supplemental Rule (C)(6) and that default judgment of forfeiture against the Defendant Currency should be entered. *Ford 250 Pickup 1990*, 980 F.2d at 1246.

---

[3] The United States has attached as Exhibit "C", an Order and Final Judgment entered by United States District Judge David Hittner on December 16, 2004, in which the court struck a claim and answer because the attorney's verification failed to comply with Supplemental Rule C(6)(a)(i), and because the claimant filed an untimely answer.

14

## V. Statement of Conference with Opposing Counsel

The United States has conferred with Mr. Daniel Sanchez, counsel for Omar Martinez, and he opposes the United States' Motion to Strike and Motion for Default Judgment of Forfeiture.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

*Katherine L. Haden*
KATHERINE L. HADEN
Attorney-in-Charge
Texas Bar No. 08677500
Assistant U.S. Attorney
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208
Phone: 713-567-9365
Facsimile: 713-718-3404

## CERTIFICATE OF SERVICE

I, Katherine L. Haden, Assistant United States Attorney, do hereby certify that a true and correct copy of the above and foregoing has been served on counsel of record via both Certified Mail, Return Receipt Requested, and facsimile, on December 22, 2004, addressed to:

Attorneys for Omar Martinez
Mr. Oscar De La Fuente, Jr.
Mr. Daniel A. Sanchez
Rio Grande Law Center
501 E. Tyler
Harlingen, Texas 78550
Telephone: (956) 425-5297
Facsimile: (956) 425-1844

*Katherine L. Haden*
Katherine L. Haden
Assistant United States Attorney

## TABLE OF CONTENTS OF EXHIBITS

1. Process Receipt and Return Served on Mr. Oscar De La Fuente – Exhibit "A"

2. Letter from Mr. De La Fuente – Exhibit "B"

3. U. S. District Judge David Hittner's Order and Final Judgment – Exhibit "C"