UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 1 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-04-015 |
| v. | § | |
| | § | |
| | § | |
| $155,895 UNITED STATES CURRENCY | § | |
| Defendant. | | |

UNITED STATES' OPPOSITION TO OMAR MARTINEZ'S
MOTION FOR LEAVE TO FILE FIRST AMENDED
STATEMENT OF RIGHT OF INTEREST

The United States files this Response to Omar Martinez's Motion for Leave

to File First Amended Rule C(6)Verified Statement of Right of Interest, and would

show as follows:

1. The United States has moved to strike Omar Martinez's Statement of

Right of Interest filed on March 24, 2004, because it was not verified in

accordance with Rule C(6)(a)(i) and (ii) of the Supplemental Rules for Certain

Admiralty and Maritime Claims. The government asserted the verification of

Martinez's attorney, Oscar De La Fuente, in support of Martinez's Statement of

Interest, was completely insufficient because it was signed without oath or

attestation under the penalty of perjury, was based entirely on "belief and

1

information currently available" rather than personal knowledge, failed to state

how Mr. De La Fuente knew the facts alleged in Martinez's statement are true or

the source of his information and belief, and failed to state how Mr. De La Fuente

was authorized to file and verify Martinez's statement of interest.[1]

---

[1]After the United States filed its Motion to Strike, the Fifth Circuit decided *United States v. One 1998 Mercury Sable*, 2004 WL 2988576 (5th Cir. Dec. 28, 2004)(unpublished), in which it recognized that an attorney can verify a Statement of Interest under Supplemental Rule C(6)(a)(ii). Pursuant to 5TH CIR. R. 47.5.4, the United States has attached a copy of the opinion as Exhibit "A", since it is unpublished and can only be used as persuasive rather than precedential authority. In *One 1998 Mercury Sable at * 4*, the Fifth Circuit reversed the district court's dismissal for lack of statutory standing where the dismissal apparently was based on the government's argument that an attorney can never verify a statement of interest on behalf of his client. The government maintained that the language in Supplemental Rule C(6)(a)(ii) ("[i]n an in rem forfeiture action for violation of a federal statute: an agent, bailee, or attorney must state the authority to file a statement of interest in or right against the property on behalf of another") "derives from ancient admiralty" and should not apply in the modern era. *Id.* at * 5. The government further cited *Mercado v. U.S. Customs Service*, 873 F.2d 641, 645 (2d Cir. 1989), to support its position that attorney verification can never be valid to establish statutory standing to challenge a forfeiture under Rule C(6)(a)(i). *One 1998 Mercury Sable* at *5.

The Fifth Circuit disagreed, holding that the plain language of Rule C(6)(a)(ii) allows attorney verification. It distinguished *Mercado*, pointing out that the issue in *Mercado* was the *sufficiency* of the attorney affidavit used to verify the claim, not whether an attorney's verification is incapable of establishing statutory standing under any circumstance. *Id.* (emphasis added). The Court observed that the affidavit's sufficiency was not raised in the case before it; therefore, the Court did not address the issue. *Id.* Pertinent to this case, it implicitly recognized that courts can reject the sufficiency of an attorney's affidavit for failure to comply with Rule C(6)'s verification requirement. Although the Court noted in dicta that Supplemental Rule C(6) has been amended twice (2000 and 2002) since *Mercado*, those amendments did not substantively change the requirements for verification, or the authority of an attorney to make a claim on behalf of another person.. *See* Rule C(6), Advisory Note Committee Notes, 2000 Amendment, Subdivision (6); *United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 73 (2d Cir. 2002). In 1989 when *Mercado* was decided, Supplemental Rule C(6) contained the same type provision regarding bailees or attorneys. It stated: "[i]f the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that the agent, bailee, or attorney is duly authorized to make the claim."

The Fifth Circuit primarily based its reason for reversal on the district court's dismissal of

2. Omar Martinez now seeks leave to file a First Amended Rule C(6) Verified Statement of Right of Interest under Fed. R. Civ. P. 15(a) to include a proper verification. His first amended claim also asserts a different characterization of his interest or right in the defendant currency than was set forth in his original claim. As set forth below, his first amended claim is untimely and does not sufficiently identify what interest he holds in the defendant currency in compliance with Rule C(6)(a)(i).

A. <u>Relevant Facts</u>

On March 24, 2004, Martinez filed a Statement of Right of Interest and Statement of Persons and Entities Known to Have a Financial Interest in this Litigation (DE # 5-6).[2] In the former document, Martinez represented, through counsel Mr. Oscar De La Fuente, that he was *the* bona fide owner of the seized $155,895 U.S. Currency, and in the latter document Martinez represented that "all persons known to have an interest in this case have been identified and filed a response with this Court. [He had] no knowledge of any additional parties with a financial interest in this litigation" (DE # 5-6). Martinez did not personally verify

---

the claim for failure to establish Article III standing. It determined the court could not sever the disputed facts relevant to the standing issue from a resolution on the merits, and therefore, erroneously granted the government's motion to dismiss the claim.

[2]"DE" refers to the docket entry for Civil Case Number B-04-015. The number that follows is the number assigned to the docket entry.

the truthfulness of the representations made in his Statement of Right of Interest;

rather, Mr. De La Fuente simply declared that he had read the Statement and upon

the information currently available and belief, the statements of ownership were

true. Mr. De La Fuente did not attest, under the penalty of perjury, to the above.

His verification was not sworn or notarized.

After the government moved to strike Martinez's Statement of Right of

Interest for failure to file a verification in compliance with Supplemental Rule

C(6), Martinez filed a First Amended Rule C(6) Verified Statement of Right of

Interest and a new Statement of Persons and Entities Known to Have a Financial

Interest in this Litigation on December 28, 2004, representing that he is *a* bona

fide owner of the seized currency, and that in addition to the parties already

identified in this action, the following persons have a financial interest in this

litigation: "Esteban Martinez, Jr., 270 N.W. 3rd Avenue, South Bay, Florida 33493,

Julisa Trevino, 295 N.W. 3rd Avenue, South Bay, Florida 33493, Esteban

Martinez, Sr., 11 1/2 Baseline Rd., Mercedes, Texas 78570." Martinez personally

verified both of the recently filed documents, stating under the penalty of perjury,

that the above facts are within his personal knowledge and are true and correct

(DE # 18-19). Mr. De La Fuente recently indicated to the undersigned attorney

during a telephone conversation that the above-named individuals are relatives of

4

Martinez and that they also may have an ownership interest in the defendant currency. To date, Martinez is the only person who has filed a statement of interest in defendant currency.

B. Legal Argument

In this case, Martinez has not only failed to file a *verified* statement of interest within the 30-day time limitation, he now, nine months after the deadline, seeks to file an amended statement asserting a different unidentifiable interest in the defendant currency. He has changed his statement of right of interest in defendant currency from *sole* ownership in defendant currency to *some* ownership interest in defendant currency. Martinez fails to identify the nature and amount of his interest. Moreover, while he indicates three other persons (aside from his attorney and the United States) may have an interest in the defendant currency, he does not identify their interests.

Contrary to Martinez's contention, he does not seek merely to correct a technical defect in his initial pleading consistent with Fed. R. Civ. P. 15, he seeks rather, to bring a new verified claim which asserts a different interest in the defendant currency. Supplemental Rule C(6)(a)(i) requires a claimant to identify the interest or right he holds in the property subject to forfeiture in a verified

5

statement[3] within 30 days after the earlier of the date of service of the government's complaint, or the completed publication of notice under Rule C(4), or within the time that the court allows.[4]  A claimant must strictly comply with Rule C(6) in order to have statutory standing to challenge a forfeiture. *United States v. Contents of Accounts Nos. 3034504504 & 144-07143 at Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 971 F.2d 974, 984 (3d Cir. 1992); *United States v. Currency $267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990).  The Court of Appeals for the Fifth Circuit has repeatedly enforced strict compliance with Rule C(6). *United States v. Gateway Blvd.*,  123 F.3d 312, 313 (5th Cir. 1997)(Denying *pro se* claimant's request for extension of time after failing to file timely verified claim);  *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1115 (5th Cir. 1992)(Affirming district court's decision to strike claimant's answer that did not

---

[3]"The year 2000 amendments to Rule C(6) changed the terminology from 'claim' to 'statement.' The Advisory Committee Notes explains . . . '[t]he substantive nature of the statement remains the same as the former claim.'" *United States v. $23,000 in United States Currency*, 356 F.3d 157, 162 n. 3 (1st Cir. 2004). Thus, despite the different terminology, the "verified statement" is the functional equivalent to the "verified claim" referred to in Supplemental Rule C(6) before 2000. *Id.*

[4]Title 18 U.S.C. Section 983(a)(4)(A)(2000),  governing general rules for civil forfeiture proceedings, states that "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, *except that such claim may be filed not later than 30 days after the date of service of the Government's complaint, or as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.*"(emphasis added). Section 983(a)(4)(A) does not contain Rule C(6)'s clause "or within the time that the court allows."

strictly conform to Rule C's procedural requirements).

Martinez has failed to show statutory standing in his initial Statement of Interest and he fails to do so in his First Amended Statement. The purpose of statutory standing is to force claimants to come forward as quickly as possible so that the courts may hear all interested parties and resolve the dispute without delay, and to minimize the danger of false claims by requiring them to be verified or solemnly affirmed. *United States v. Various Computers & Computer Equip.*, 82 F.3d 582, 585 (3d Cir. 1996). Here, Martinez simply asserts he has *an* interest in the defendant currency, as might three other designated persons. He does not identify his interest, or the interests of the other persons. Without identifying his particular interest in the defendant currency, Martinez does not subject himself to the penalties of perjury for making a false claim. Nor does he set forth what right he has to defend the action. Thus, Martinez's First Amended Statement of Right of Interest does not comply with Rule C(6). *See United States v. One 1978 Piper Navajo PA-31, Aircraft*, 748 F.2d 316, 319 (5th Cir. 1984).

Additionally, Martinez's request to amend his initial Statement of Right of Interest to include a new verification involves more than correcting a simple defect in a pleading. "[V]erification is an essential and necessary element of any claim," and not a mere procedural technicality. *United States v. Beechcraft Queen*

*Airplane*, 789 F.2d 627, 630 (8th Cir. 1986).   Verification forces claimants to assert the nature of their interest or right in the subject property under the penalty of perjury in order to deter false claims. *United States v. $23,000 in United States Currency*, 356 F.3d at 163.   For this reason, the filing of a verified statement is a prerequisite to the right to defend on the merits, and it is appropriate to strike the claim and answer when the claim is not verified. *Id.*   (Observed that the failure to file a verified statement of interest implicates the entry of a default judgment under Fed. R. Civ. P. 55); *Beechcraft Queen Airplane*, 789 F.2d at 630; *One 1978 Piper Navajo PA-31, Aircraft*, 748 F.2d at 319.

The necessity for verification is evident here where Martinez has represented two inconsistent positions of ownership  to this Court.   Martinez initially filed a Statement of Right of Interest that represented he was the only bona fide owner of the defendant currency without any verification subjecting Martinez, or anyone else, to the penalties for  making false claims regarding Martinez's ownership. Mr. De La Fuente's declaration simply served no purpose. Now, approximately nine months after the expiration of the 30-day deadline, Martinez seeks leave to amend his Statement of Interest to personally verify facts that are apparently different than the facts he originally represented to the court. He no longer represents he is <u>the</u> bona fide owner with no knowledge of any

8

additional parties with a financial interest in this litigation, but rather that he is a bona fide owner, and that others also have a financial interest in this litigation. Martinez has failed to explain how or why he can make such inconsistent representations to this Court.

In his Motion for Leave to file an Amended Verified Statement of Right of Interest, Martinez suggests that his initial failure to provide a verified claim was unimportant since he provided a personal verification in the administrative forfeiture proceeding. His former verified letter is no substitute for a verified statement identifying the interest or right in property subject to forfeiture under Rule C(6).

Mr. De La Fuente submitted a letter, dated October 31, 2003, in the administrative proceeding contesting the seizure of defendant currency (attached as Exhibit "A" to Martinez's Motion for Leave to Amend Statement of Right of Interest). In the letter, Mr. De La Fuente stated Martinez wished to contest the Federal Bureau of Investigation's seizure of defendant currency, and that the money seized was from his personal funds, the majority of which he received from a legal settlement. Martinez attested under the penalty of perjury that the facts set forth in Mr. De La Fuente's letter were true and correct.

9

Although the administrative claim and verified statement of interest contain

overlapping information (*see* 18 U.S.C. § 983(a)(2)(A); Supplemental Rule C(6)),

they serve distinct functions and purposes. The Court of Appeals for the First

Circuit explained these distinctions as follows:

> "[T]he administrative claim notifies the agency of the claim while the
> verified statement notifies the court. This distinction is important . . .
> because the party that files an administrative claim may not be the only
> party with a claim against the property. More than one claimant may emerge
> to file a verified statement after public notice of the complaint for forfeiture.
> Filing a verified statement with the court notifies all other parties of each
> claim to the property so that all interests may properly be resolved. For this
> reason, the facial similarity between the two documents does not negate the
> obligation to file a verified statement.

*United States v. $23,000 in United States Currency*, 356 F.3d 157, 166 (1st Cir.

2004) (citing *United States v. $2,857.00*, 754 F.2d 208, 212 (7th Cir. 1985)("An

administrative claim does not give the claimant any rights in the judicial

condemnation proceeding; it only ensures that a judicial proceeding will take place

before the property is forfeited").

Although the Court has the discretion under Fed. R. Civ. P. 6(b) to grant

leave to enlarge the time for filing a verified statement of interest <u>after</u> the

expiration of Rule C(6)'s deadline if Martinez shows his failure to act resulted

10

from excusable neglect,[5] the exercise of such discretion is appropriate only if it does not thwart the goals underlying Rule C(6)'s time and verification requirements. *See United States v. 51 Pieces of Real Property, Roswell, New Mexico*, 17 F.3d 1306, 1318 (10th Cir. 1994)(Permitting a late filing of almost a year would not further the goal of Supplemental Rule C(6)'s time requirements).

Here, Martinez does not request leave to file an untimely verified statement of interest. He simply requests leave to amend his original statement of interest under Fed. R. Civ. P. 15, without the necessity of providing any reason for failing to comply with Rule C(6). As explained above, the requirements governing Martinez's claim are governed by 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule C(6), not Fed. R. Civ. P. 15.

A party seeking leave to file an untimely claim must allege specific facts setting forth the basis for excusable neglect. He must demonstrate unique or extraordinary circumstances. Simple inadvertence, ignorance of the rules, mistakes, or a busy practice do not establish excusable neglect under Rule 6(b). *See  Geiserman v. MacDonald*, 893 F.2d 787, 793 n. 10 (5th Cir. 1990); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981).

---

[5]*See* Supplemental Rule A (the Federal Rules of Civil Procedure apply to all in rem actions unless they conflict with the Supplemental Rules).

11

Under the circumstances in the instant case, the Court should not excuse Martinez's late filing or allow him to cure the deficiencies in his submissions. Even if Martinez had sought leave under Fed. R. Civ. P. 6(b), and the Court accepted his first amended statement of interest out-of-time, the claim still fails to satisfy Rule C(6) because it does not sufficiently identify Martinez's particular interest in the defendant currency. The amended claim, therefore, does not establish Martinez has statutory standing. Moreover, Martinez offers no reason, meritorious or not, for failing to file a verified Statement of Interest within Rule C(6)'s deadline. *See generally Commodity Accounting 54954930 at Saul Stone & Company*, 219 F.3d at 597-98 (Court rejected claimant's argument that unverified claim informed all concerned parties of the basis for his claim and obviated the need for an answer. It held the district court properly required strict compliance with Rule C(6) by insisting on a timely answer. His attorney's mistakes were imputed to him and deprived him of standing); *United States v. $104,674.00*, 17 F.3d 267, 268 (8th Cir. 1994)(Where filings did not comply with either the time or content requirements of Rule C(6), and claimant did not explain why they did not strictly comply with Rule C(6), the court properly refused to find excusable neglect and entered a default judgment); *United States v. $1,437.00 U.S. Currency*, 242 F.Supp.2d 193, 195-96 (W.D. N.Y. 2002)(Refused to find

12

excusable neglect where there was no verified complaint and attorney admitted he did not timely file an answer to the forfeiture complaint); *RR. Caribbean, Inc. v. Dredge "Jumby Bay,"* 147 F.Supp.2d 378, 382-83 (D. Virgin Is. 2001)(Denied motion for extension of time to file verified statement of interest and granted motion for entry of default judgment since claimant failed to establish excusable neglect); *United States v. $50,200 In United States Currency*, 76 F.Supp.2d 1247, 1256 (D. Wyoming 1999)(Claimant failed to show excusable neglect to entitle her to enlargement of the time period for filing a claim); *United States v. $6,000 U.S. Currency*, 2000 WL 680339 (E.D. La. 2000)(Court ordered that Answer should be stricken where claimant failed to timely file verified claim. Court rejected suggestion that claimant's incarceration made his failure to comply with statutory requirements excusable where the notice of seizure was sent directly to claimant's counsel over three weeks before the claim was due)(opinion attached as Exhibit "B").

C. Conclusion

For all the foregoing reasons, this Court should strike Martinez's initial and First Amended Statement of Right of Interest and Answer for noncompliance with Rule C(6), and enter default judgment of forfeiture under Fed. R. Civ. P. 55(b).

13

Martinez has twice failed to comply with Rule C(6)– first by failing to provide a verified claim, and now by failing to clearly identify his interest in defendant currency.

"It is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6)." *United States v. $104,674.00*, 17 F.3d at 268. *See generally United States v. One 1988 Dodge Pickup*, 959 F.2d 37, 41 (5th Cir. 1992)(Upheld district court's refusal to set aside default judgment in forfeiture proceeding where appellants failed to demonstrate good cause for not filing a timely claim and answer, and that they had a defense to the forfeiture which probably would have been successful)*; 1978 Piper Navajo*, 748 F.2d at 318 (It is settled law that a court may order entry of default for failure to comply with court

14

rules of procedure. It then becomes incumbent upon the claimant not only to show

good cause for failing to comply, but that he has a meritorious defense on the

merits).

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

KATHERINE L. HADEN
Attorney-in-Charge
Texas Bar No. 08677500
Assistant U.S. Attorney
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208
Phone: 713-567-9365
Facsimile: 713-718-3404

15

## CERTIFICATE OF SERVICE

I, Katherine L. Haden, Assistant United States Attorney, do hereby certify

that a true and correct copy of the above and foregoing has been served on counsel

of record via Certified Mail, Return Receipt Requested, on January 10, 2004,

addressed to:

Attorneys for Omar Martinez
Mr. Oscar De La Fuente, Jr.
Mr. Daniel A. Sanchez
Rio Grande Law Center
501 E. Tyler
Harlingen, Texas 78550
Telephone: (956) 425-5297

Katherine L. Haden
Assistant United States Attorney

16

Slip Copy                                                      **Page 1**
2004 WL 2988576 (5th Cir.(Tex.))
**(Cite as: 2004 WL 2988576 (5th Cir.(Tex.)))**

Only the Westlaw citation is currently available.

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Fifth Circuit Rule 47.5.4. (FIND CTA5 Rule 47.)

United States Court of Appeals,
Fifth Circuit.

UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1998 MERCURY SABLE VIN:
1MEMF50U4WA621967; et al., Defendants,
Elyar Gasanov, Claimant-Appellant.

No. 03-51145.

Decided Dec. 28, 2004.

David R Rosado, El Paso, TX, for Plaintiff-Appellee.

Mary Stillinger, El Paso, TX, for Claimant-Appellant.

Appeal from the United States District Court for the Western District of Texas. (EP-02-CV-56-DB).

Before BARKSDALE, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM: [FN*]

> FN* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*1 Elyar Gasanov (Gasanov) contests the district court's granting the Government's motion to dismiss Gasanov's claim to three certificates of deposit (CDs), totaling $328,069, which are part of the assets at issue in a civil forfeiture proceeding. *United States of America v. One 1998 Mercury Sable,* EP-02-CA-056-DB (W.D.Tex.2003) (*USDC Opn.*). The district court ruled that Gasanov, a citizen and resident of Russia, had failed to establish the requisite Article III and statutory standing for contesting the forfeiture. Whether Gasanov has Article III standing should not have been decided by a motion to dismiss; he has the requisite statutory standing. Accordingly, the

dismissal is VACATED; judgment is RENDERED for Gasanov's statutory standing; and this matter is REMANDED.

I.

The forfeiture proceeding is ancillary to the criminal prosecution of Gasanov's brother and sister-in-law, Sardar Gasanov and Nadira Gasanova (Sadar and Nadira Gasonov), citizens of Uzbekistan. Sardar and Nadira Gasanov were convicted of immigration and peonage (involuntary servitude in satisfaction of a debt) offenses related to smuggling three Uzbek women into the United States, who were subsequently forced, through topless dancing, to pay off their debts. It was alleged that the women earned more than $500,000 from January 1999 through May 2001.

The peonage offenses are considered "specified unlawful activities" under 18 U.S.C. § 1956(c)(7)(A) (defining as a "specified unlawful activity" any offense listed in 18 U.S.C. § 1961(1); § 1961(1) includes 18 U.S.C. §§ 1581-1591, sections "relating to peonage, slavery and trafficking in persons"). Therefore, the proceeds from those specified unlawful activities are subject to civil forfeiture. *See* 18 U.S.C. § 981(a)(1)(C) (stating "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting [a] 'specified unlawful activity' ..." is subject to forfeiture to the United States).

The forfeiture complaint was filed in February 2002, listing two automobiles, the contents of ten bank accounts valued at $423,978, and $6,650 in United States currency. That July, Sardar and Nadira Gasanov each filed a notice claiming a legal or beneficial interest in that property. That August, Gasanov filed a notice claiming the three CDs in the amounts of $107,073, $137,988 and $83,008, included in the ten bank accounts. He was the titled owner of those CDs.

Shortly after filing his notice of claim, Gasanov moved to dismiss the Government's complaint, pursuant to Fed.R.Civ.P. 12(b)(6) and Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims (Supplemental Rules), for failure to plead with particularity the statutory basis on which the complaint was based. *See* 18 U.S.C. § 983(a)(4)(A) (requiring any person claiming an interest in property subject to a complaint of forfeiture by the Government to file his claim in accordance with the Supplemental Rules). The Government was granted leave to amend. After Sardar and Nadira Gasanov filed a similar

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit A

Slip Copy                                                                                                                   **Page 2**
(Cite as: 2004 WL 2988576, *1 (5th Cir.(Tex.)))

motion, the Government was again granted leave to amend. The final amended complaint was filed in November 2002.

*2 That December, the three Gasanovs filed answers to the complaint. Gasanov did not respond, however, to the Government's interrogatories or document requests. The Government's motion to compel was denied; a new deadline was set for Gasanov to comply. Upon Gasanov's submitting responses to those discovery requests, the Government again moved to compel, claiming the responses were "non-responsive and evasive". Gasanov responded by claiming, *inter alia:* he was not able to comply with some of the requests because he did not have documentation for the sources of the monies used to purchase the CDs; and he had produced all documents of which he was aware.

In June 2003, the Government moved to dismiss Gasanov's claim, asserting Gasanov lacked Article III standing because he had failed to present sufficient evidence to support his ownership claim to the three CDs; and lacked statutory standing because he had failed to properly verify his claim pursuant to Supplemental Rule C(6) (requiring a person asserting an interest in the property that is the subject of the action to file a *verified* statement identifying that interest). The Government supported its motion with Gasanov's discovery responses, which the Government contended were insufficient to establish Article III standing. Gasanov's response in opposition, which cited no additional evidentiary materials, claimed his answer and discovery responses were sufficient to establish standing.

The district court denied the Government's motion; but it did so before the Government filed its reply to Gasanov's opposition to the motion. Accordingly, the Government moved to reconsider and included that reply. The district court granted the motion on 2 September 2003 and dismissed Gasanov's claim. The forfeiture order, as amended, was entered on 7 October 2003.

                                    II.

As discussed below, we review *de novo* the district court's rulings on Article III and statutory standing.

                                    A.

No authority need be cited for standing being an element of Article III's "case or controversy" requirement; its lack precludes subject matter

jurisdiction. "The burden of establishing standing to contest forfeiture is on the claimant...." *Kadonsky v. United States*, 216 F.3d 499, 508 (5th Cir.2000). The "claimant need not prove the *merit* of his underlying claim. He must, however, be able to show at least a *facially colorable interest* in the proceedings sufficient to satisfy the case-or-controversy requirement and the prudential considerations defining and limiting the role of the court". *Id.* (emphasis added) (quoting *United States v. $9,041,598.68*, 163 F.3d 238, 245 (5th Cir.1998)). This is consistent with our court's having previously held "that only 'owners' have standing to contest a forfeiture", but that term should be broadly construed "to include any person with a recognizable legal or equitable interest in the property seized". *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1111-12 & n. 4 (5th Cir.1992).

*3 "Challenges to standing are disposed of in a number of different ways.... Some are disposed of [by motions to dismiss].... [Others] are frequently resolved in summary judgment proceedings ... or at a trial on the merits." *Barrett Computer Services, Inc. v. PDA, Inc.*, 884 F.2d 214, 219 (5th Cir.1989) (internal citations omitted). (Along this line, the day before originally denying the Government's motion to dismiss concerning Gasanov, the district court granted the Government's summary judgment motion against Sadar and Nadira Gasanov.) As further discussed *infra*, whether the standing issue can be resolved by a motion to dismiss depends on whether "considerations of standing can be severed from a resolution of the merits...." *Id.* at 220; *see also United States v. SCRAP*, 412 U.S. 669, 689-90 (1973); *Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir.1983).

If the standing challenge is brought properly by a motion to dismiss, the district court may conduct a preliminary hearing in order to resolve disputed factual issues. *Barrett Computer*, 884 F.2d at 220. "[I]n a preliminary hearing on a jurisdictional issue, the district court is given greater latitude and discretion than in a summary judgment proceeding where the district court must give deference on fact questions to the nonmovant". *Id.* For example, a Rule 12(b)(1) motion to dismiss for lack of "subject matter jurisdiction [,] ... unlike summary judgment decisions, may be made using any one of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts". *Id.* (internal quotations omitted); *see also Lewis*, 699 F.2d at 237; *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.),

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*cert. denied,* 454 U.S. 897 (1981). Factual findings are reviewed only for clear error. *Williamson,* 645 F.2d at 413; Fed.R.Civ.P. 52(a). "However, where issues of fact are central both to subject matter jurisdiction and the claim on the merits, ... the trial court must assume jurisdiction and proceed to the merits." *Montez v. Department of Navy,* --- F.3d ----, 2004 WL 2712428, at * 2 (5th Cir.2004). Under these circumstances, any pre-trial challenge to the court's jurisdiction must be brought "as a direct attack on the merits of the ... case under either Rule 12(b)(6) or Rule 56". *Id.* (internal quotation omitted).

In granting the motion to dismiss, the district court resolved factual issues in favor of the Government. For example, the district court stated that the "evidence ... indicates that [Gasanov] is merely a nominal owner, and that convicted defendant *Sardar Gasanov is the true owner* "; noted that "*Sardar Gasanov comingled his money into the accounts* and, through a questionable power of attorney, exercised control over the accounts"; and took "significant interest ... [in] the fact that the death beneficiaries [for the CDs] are the children of Sardar Gasanov, not those of Elyar Gasanov". *USDC Opn.* at *3-4 (emphasis added). (The record is silent, however, concerning whether Gasanov then had children.)

*4 We review "*de novo* the legal issue of whether the district court has discretion to resolve disputed facts dispositive of subject matter jurisdiction, applying the same standard used by the district court". *Montez,* 2004 WL 2712428, at *2. Accordingly, at issue is whether disposition of the Article III standing issue requires ruling on the merits of Gasanov's claim. The district court did not address this issue. Nor did it conduct a preliminary hearing to resolve disputed factual issues.

In a civil forfeiture proceeding, the Government must prove by a preponderance of the evidence that the property is subject to forfeiture. *See* 18 U.S.C. § 983(c)(1). Thus, in the case at hand, the Government must prove by a preponderance of the evidence that the funds in question were the proceeds of "specified unlawful activities"--the peonage offenses committed by Sardar and Nadira Gasanov. *See* 18 U.S.C. §§ 1956(c)(7)(A), 1961(1).

As discussed *supra,* in order to satisfy his burden of establishing standing to contest the forfeiture proceedings, Gasanov may do so by showing at least a facially colorable claim. On the other hand, an "unsupported assertion of ownership" will not suffice,

*Kadonsky,* 216 F.3d at 508; Gasanov must present sufficient evidence to establish a facially colorable claim that he, not the peonage offenses committed by Sardar and Nadira Gasanov, was the source of the funds.

Gasanov claims the funds used to purchase the CDs, for which he is the titled owner, were invested in that manner by his brother, Sardar Gasanov, pursuant to a power of attorney (the validity of which is in dispute); he explains his lack of documentation is not unusual because it is common in Russia for income to be undocumented; and he points out that more than $130,000 had been invested in the CDs before the peonage offenses occurred (the Government does *not* contest this). In support, Gasanov points to (1) the deposition of the bank manager who notarized the power of attorney; (2) his interrogatory answers and response to the Government's motion to dismiss, which explain the sources of his income and asserts that it is not unusual to have undocumented income in Russia; and (3) the Government's complaint for forfeiture, which asserts that $138,662 of the CDs was invested in 1997, *before* any of the illegal activity occurred.

The foregoing reflects that the standing issue (whether the funds were originally Gasanov's) and the merits issue (whether the source of the funds was the peonage offenses) are coextensive. The "considerations of standing", therefore, can not "be severed from a resolution on the merits". *See Barrett Computer,* 884 F.2d at 220; *Clark v. Tarrant County, Texas,* 798 F.2d 736, 741-42 (5th Cir.1986). Therefore, Article III standing cannot be decided by a motion to dismiss. Accordingly, the district court erred in granting the Government's motion for that issue.

**B.**

*5 Gasanov's attorney filed a verified claim on Gasanov's behalf. The Government contended that, in order to have statutory standing, Gasanov was required personally to verify his claim. The district court held: Gasanov failed to file a properly verified statement of claim as required by Supplemental Rule C (discussed below); therefore, he lacked statutory standing. Obviously, this issue of law is reviewed *de novo.*

Supplemental Rule C(6)(a)(ii) states: "In an in rem forfeiture action for violation of a federal statute: an agent, bailee, *or attorney* must state the authority to file a statement of interest in or right against the property on behalf of another". (Emphasis added.) The Government maintains this language "derives from

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                        **Page 4**
**(Cite as: 2004 WL 2988576, \*5 (5th Cir.(Tex.)))**

ancient admiralty" and, therefore, should not apply in the modern era. The Government cites *Mercado v. U.S. Customs Service,* 873 F.2d 641, 645 (2d Cir.1989), for the proposition that attorney verification is not valid to establish statutory standing to challenge a forfeiture. *Mercado* is distinguishable, however, from the case at hand.

At issue in *Mercado* was the sufficiency of the attorney affidavit used to verify the claim. 873 F.2d at 645. That issue is not raised here. Moreover, Supplemental Rule C(6) has been amended twice (2000 and 2002) since *Mercado* was decided (1989). The Rule's plain language allows attorney verification. Therefore, the district court erred in ruling Gasanov lacked statutory standing.

### III.

For the foregoing reasons, the forfeiture order is VACATED; judgment is RENDERED for Gasanov on his having statutory standing to challenge the forfeiture; and this matter is REMANDED to district court for further proceedings consistent with this opinion.

*VACATED; RENDERED IN PART; REMANDED.*

2004 WL 2988576 (5th Cir.(Tex.))

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2000 WL 680339
2000 WL 680339 (E.D.La.)
(Cite as: 2000 WL 680339 (E.D.La.))
C

Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.

UNITED STATES of America

v.

$6,000 U.S. CURRENCY

No. CIV. A. 00-696.

May 22, 2000.

BARBIER, J.

*1 Before the Court is plaintiff's Motion to Strike Answer of Claimant Andre Poole (Rec.Doc. 6). Claimant, Andre Poole a/k/a Lonnie Poole, opposes the motion. The motion, set for hearing on May 24, 2000, is before the Court on briefs without oral argument.

BACKGROUND

Plaintiff, the United States, filed the underlying Complaint for Forfeiture on March 3, 2000. Pursuant to 19 U.S.C. § 1607(a), a Notice of Seizure was published in the Times-Picayune on March 28, 2000. On March 20, 2000, a copy of the Notice of Seizure was sent by the United States to counsel for claimant. The Notice stated plainly that verified claims against the seized property were to be filed with the Clerk of Court for the Eastern District of Louisiana by April 12, 2000, and answers must be filed 20 days after the filing of such a claim.

In its memorandum in support of its motion, the United States argues that Poole's answer should be stricken because he did not comply with the requirements of Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, because Poole did not file anything with the Clerk of this court within the April 12, 2000 deadline, and filed only an unverified complaint together with his Answer on April 14, 2000.

In opposing the motion to strike his answer, claimant argues that he has filed documentation that satisfies the requirements of Rule C(6), and directs the Court to his claim filed with U.S. Drug Enforcement Agency (filed June 12, 1998); a letter to the United States Attorney for this district claiming the funds (filed September 8, 1998); and the answer and claim filed in this action on April 14, 2000.

DISCUSSION

Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides as follows:
The claimant of property that is the subject of an action in rem shall file his claim within ten (10) days after process has been executed, or within such additional time as may be allowed by the court, and shall serve his answer within twenty (20) days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that he is duly authorized to make the claim ....

In construing Rule C(6), in this circuit, "[s]trict conformity, not casual compliance, is the message of the case literature." *United States v. $288,914.00 in U.S. Currency,* 722 F.Supp. 267, 270 (E.D.La.1989); see also, *United States v. One 1978 Piper Navajo PA-31 Aircraft,* 748 F.2d 316 (5th Cir.1984). In view of this strict standard which has consistently been applied, the Court cannot gloss over the fact that none of the purported claims of claimant are verified, a requirement set out clearly in Rule C(6) and in the Notice of Seizure mailed directly to claimant's attorney. See *United States v. $8,554 in U.S. Currency,* 1998 WL 209150 (E.D.La.1998). Because claimant has not met the requirements of Rule C(6), his answer must be stricken.

*2 With respect to counsel's suggestion that claimant's incarceration makes his failure to comply with statutory requirements excusable, the Court observes that the Notice of Seizure was sent directly to claimant's attorney, over three weeks before claims were due. Accordingly, the neglect in this case is not excusable.

Moreover, even if this Court found that the failure to file was the result of justifiable neglect, claimant has not advanced "a defense to the forfeiture which would probably have been successful." *Piper Navajo,* 748 F.2d at 318. To the contrary, while the United States has filed a detailed affidavit together with a waiver of rights and confession, in which claimant states he was bringing the $6,000 to San Bernardino, California to purchase fourteen ounces of cocaine, claimant has come forward with no defense

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Exhibit B

2000 WL 680339
(Cite as: 2000 WL 680339, *2 (E.D.La.))

Page 49

except the general and conclusory denial in his answer. Such conclusory allegations do not establish a meritorious defense. *Id.* at 319. Accordingly;

IT IS ORDERED that plaintiff's Motion to Strike Answer of Claimant Andre Poole a/k/a "Lonnie Poole"

Rec. doc. 6) should be and is hereby GRANTED, and the Answer shall be STRICKEN.

2000 WL 680339 (E.D.La.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.