United States District Court
Southern District of Texas
FILED

JUN 1 7 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-04-015 |
| v. | § | |
| | § | |
| | § | |
| $155,895 UNITED STATES CURRENCY | § | |
| Defendant. | | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER FED. R.CIV.P. 26(f)

1. State where and when meeting/conference of the parties required by Rule 26(f) occurred and identify counsel who participated for each party.

> Conference between the United States and the attorney for Omar Martinez occurred on June 15 and 16, 2005 by telephone. Assistant United States Attorney Katherine Haden participated on behalf of the United States and Attorney Oscar De La Fuente, Jr., participated on behalf Omar Martinez.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

> None.

3. Specify the allegation of federal jurisdiction.

> This Court has jurisdiction over this civil judicial forfeiture action under 28 U.S.C. §§ 1331, 1345 and 1355. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1395(a) and (b).

4. Name the parties who disagree and the reasons.

> None.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Omar Martinez has filed two pleadings listing persons with an alleged financial interest in this case. In his March 24, 2004 filing, he initially claimed he was the only one with a financial interest in the defendant currency, and had no knowledge of any additional parties with a financial interest in this litigation. In a second filing on December 28, 2004, he named three additional persons who he claims to have an alleged financial interest in this litigation. He listed Esteban Martinez, Jr., Julisa Trevino and Esteban Martinez, Sr. The first two individuals are the Omar Martinez's siblings, and the third individual is his father. The United States recently sent notice of the forfeiture action to the above individuals pursuant to the provisions in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. By taking this action, the United States, in no way, concedes that these individuals have a legal interest in the defendant currency or standing to contest this forfeiture. This action was done to avoid potential future litigation with third parties. None of the three named individuals have filed claims to the defendant currency as of this date. The deadline for filing a claim is provided in Supplemental Rule C.

Omar Martinez continues to assert that he is responsible for the entire amount of currency.

6. List anticipated interventions.

None.

7. Describe class-action issues.

Not applicable.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

A. The United States has provided to the Claimant's attorney the name, address and phone numbers of persons having discoverable information that may be used by the United States to support its claims. As the discovery process progresses, the United States will supplement that list if it becomes necessary.

Omar Martinez has provided the United States Attorney the name and the address of persons having discoverable information that may be used by Omar Martinez to support its claim. Telephone numbers for these individuals will be provided.

B. The United States has provided to the Claimant's attorney the category and location of discoverable documents and tangible things presently in the United States' possession that will be used to support the United States' claims. If additional information under this category is obtained or received as the case and discovery progresses, the United States will supplement its disclosure.

Omar Martinez has provided to the United States Attorney the category and location of discoverable documents and tangible things presently in Omar Martinez's possession that will be used to support his claims. If additional information under this category is obtained or received as the case and discovery progresses, Omar Martinez will supplement his disclosure.

C. The United States has not yet determined who, if anyone, it will call as an expert witness to present testimony under Fed. R. Evid. 702, 703, 705. The names of such individual(s), and other required information, will be provided to the Claimant's attorney at a later date.

Omar Martinez has not yet determined who, if anyone, he will call as an expert witness to present testimony under Fed. R. Evid. 702, 703, 705. The names of such individual(s), and other required information, will be provided to the United States' attorney at a later date.

D. The United States has provided the name, address and phone number of prospective witnesses to the Claimant's attorney. The list may change and/or expand as discovery progresses.

Omar Martinez has provided the name and address of prospective witnesses to the United States' attorney. The telephone numbers will be provided as discovery progresses.

E. The United States has not yet determined which witnesses, if any, whose testimony is expected to be presented by deposition. The United States will provide that information at a later date.

Omar Martinez has not yet determined which witnesses, if any, whose testimony is expected to be presented by deposition. Omar Martinez will provide that information at a later date.

F. The United States has not yet determined what evidence it expects to offer as exhibits at trial. The United States will provide that information to the Claimant's attorney at a later date.

Omar Martinez has not yet determined what evidence he expects to offer as exhibits at trial. Omar Martinez will provide that information to the United State's attorney at a later date.

9. Describe the proposed agreed discovery plan, including:

A. Responses to all matters raised in Rule 26(f):

i. The United States and Claimant's attorney, Mr. De La Fuente, have conferred to consider the nature and basis of claims and defenses, and the possibility of prompt settlement or resolution.

ii. The United States has made disclosures required by Fed. Civ. R. P. 26(a)(1), on June 10, 2005, and during conferences with Mr. De La Fuente on June 15 and 16, 2005, with the understanding that it may supplement or add information, if necessary, as discovery progresses.

Omar Martinez made disclosures required by Fed. Civ. R. P. 26(a)(1) on March 14, 2005 and during conferences with Ms. Haden on June 15 and 16, 2005, with the understanding that he may supplement or add information, if necessary, as discovery progresses.

B. When and to whom the plaintiff anticipates it may send interrogatories or request for production of documents:

Should Esteban Martinez, Jr., Julisa Trevino, or Esteban Martinez, Sr. enter as claimants in this case, the United States anticipates it may send interrogatories and/or a request for production of documents, to one or all of them by September 1, 2005. The United States anticipates it may send a request for production of documents to Omar Martinez by July 15, 2005. This list is subject to supplementation as discovery progresses.

C. When and to whom the defendant anticipates he may send interrogatories:

Omar Martinez anticipates it may send a request for production of documents by August 01, 2005.

D. Of whom and by when the plaintiff anticipates taking oral depositions:

> The United States anticipates it may take depositions, of the following individuals: Esteban Martinez, Jr., Julisa Trevino, Esteban Martinez, Sr., Omar Martinez, and Mayra Martinez, within 90 days after receiving their responses to the plaintiff's interrogatories; or if inapplicable, by November 30, 2005. Some of these witnesses live in Florida. Also, the United States may issue a subpoena duces tecum to produce documents relating to the above individuals by November 30, 2005. This list is subject to supplementation as discovery progresses.

E. Of whom and by when the Claimant anticipates taking oral depositions:

> Omar Martinez anticipates he may take depositions on the following individuals: FBI Special Agent Robert Foster, Harlingen Police Officers-Ramiro Martinez, Jose F. Garcia, Ernesto Gomez, Ruben Contreras, Miguel Garcia and former Harlingen Police Officer Leonel Silva, who were involved in the seizure in question as identified by the United States by November 30, 2005. This list is subject to supplementation as discovery progresses.

F. When the plaintiff (or the party with the burden of proof on the issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

> The United States and Claimant (depending on who has burden of proof on issue) will designate experts and provide required information under Rule 26(a)(2)(B) by December 30, 2005. The opposing party will designate responsive experts and provide required information under Rule 26(a)(2)(B) by March 1, 2005. The designations and/or reports provided by either party are subject to change or supplementation as discovery progresses.

G. List expert depositions the plaintiff (or the party with the burden of proof on the issue) anticipates taking and their anticipated completion date. See Fed.R.Civ. P. 26(a)(2)(B) (expert report).

    None anticipated at this time.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).

    None anticipated at this time.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party,

    None anticipated at this time.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    Both the United States and Omar Martinez have served interrogatories on each other, and both parties have served Answers to the respective Interrogatories.

12. State the date the planned discovery can reasonably be completed.

    March 15, 2006. This anticipated date could change if claimants are added to this case, or if unanticipated developments occur.

13. Describe the possibilities of a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Based on the discovery completed to date, the United States and Omar Martinez could not agree in discussions to a prompt settlement or resolution of the case at the present time. The United States' position is that the evidence demonstrates that defendant currency is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it was money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of Title 21, Chapter 13, Subchapter I, of the United States Code; is proceeds traceable to such an exchange; or is money used or intended to be used to facilitate a Subchapter I offense. No property right exists in currency that is subject to forfeiture to the United States under § 881(a). Therefore, the United States could not agree, at

this time, to a settlement involving the return of any of defendant currency to Claimant Omar Martinez.

Omar Martinez would respectfully show the court that the money seized by the United States are not proceeds from the sale of illegal drugs. The United States has no evidence that the seized property is contraband. Omar Martinez would also show he was responsible for the entire amount of the seizure.

14. Describe what each party had done or agreed to do to bring about a prompt resolution.

The United States and attorneys for Omar Martinez have actively investigated the facts and circumstances of each side's case and are continuing to do so. Both the United States and Omar Martinez have agreed to make diligent and good faith efforts to complete discovery without undue delay.

15. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

It is not believed that alternative dispute resolution techniques are reasonably suited to this case.

Omar Martinez, however, is willing to participate in good faith on any court ordered alternative dispute resolution.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

The United States does not consent to trial before a magistrate judge.

Omar Martinez would consider a trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

The Claimant, Omar Martinez, has timely demanded a jury trial.

18. Specify the number of hours it will take to present the evidence in this case.

Based on what is known at the present time, the United States and Claimant estimate it will take no more than 40 hours for both sides to present the evidence in this case.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

None at this time.

20. List other motions pending.

None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None anticipated at this time.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

Attorney for Plaintiff
Assistant United States Attorney
Katherine L. Haden
Texas Bar No. 08677500
P.O. Box 61129
Houston, Texas 77208
Telephone: (713) 567-9365
Facsimile: (713) 718-3404

Attorneys for Claimant Omar Martinez
Mr. Oscar De La Fuente, Jr.
Texas Bar No.  05645575
Mr. Daniel A. Sanchez
Texas Bar No. 24004064
Rio Grande Law Center
501 E. Tyler
Harlingen, Texas  78550
Telephone: (956) 425-5297
Facsimile: (956) 425-1844

Counsel for Plaintiff                                    Date: June 16, 2005

*Katherine L Haden*

Katherine L. Haden


Counsel for Omar Martinez                                Date: June 16, 2005

*see the attached*

Oscar De La Fuente, Jr.

Counsel for Plaintiff                          Date: June 16, 2005

_Katherine L. Haden_
Katherine L. Haden


Counsel for Omar Martinez                      Date: June 16, 2005

_Oscar De La Fuente, Jr._
Oscar De La Fuente, Jr.