IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. B-04-015 |
| § | |
| $155,895 UNITED STATES CURRENCY, § | |
| Defendant. § | |

## UNITED STATES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

To: Omar Martinez, by and through his attorney of record Oscar De La Fuente, Jr.

Plaintiff, United States of America, in accordance with Fed.R.Civ.P. 34, requests that within 30 days you produce to the undersigned attorney for the United States the following designated documents for inspection and copying at the office of the undersigned Assistant United States Attorney.

The request for production of documents is not limited to items that are or were created, stored or maintained in paper form but also applies to any item that is or was created, stored or maintained electronically.

The reference to "Defendant Currency" in the attached request for production of documents means the property described in the Complaint for

Exhibit D

Forfeiture on file in this case, namely, $155,895.00 United States Currency, or any portion thereof.

Respectfully submitted,

CHUCK ROSENBERG
United States Attorney

*/s/ Katherine L. Hall*

KATHERINE L. HADEN
Texas Bar No. 08677500
Assistant U.S. Attorney
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208
Phone: 713-567-9365
Facsimile: 713-718-3404

## CERTIFICATE OF SERVICE

I, Katherine L. Haden, Assistant United States Attorney, do hereby certify that a true and correct copy of the Plaintiff's First Interrogatories has been sent by certified mail, return receipt requested, and by facsimile, on this day, March 2, 2006, addressed to:

Attorney for Claimant
Oscar De La Fuente, Jr.
501 E. Tyler Avenue
Harlingen, Texas 78550
Telephone (956) 425-5297
Facsimile (956) 425-1844

## UNITED STATES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please provide complete copies of United States Individual Income Tax Return(s) of Omar Martinez for the tax years, 2000, 2001, 2002, and 2003 (when prepared and filed) together with all accompanying forms and attachments, including but not limited to, W-2's, 1099's, Schedules, Summaries, Detail Statements, and Worksheets. If you are unable to produce complete copies, a "Tax Information Authorization" form has been attached for your convenience.

2. Please provide copies of all documentation in support of the entries made to the sections entitled "Income" and "Adjusted Gross Income" to United States Individual Tax Return(s) of Omar Martinez for the years 2000, 2001, 2002, and 2003 (when prepared and filed), including but not limited to, all W-2's, 1099's, and other documentation in support of and necessary for the determination of the entries for the Sections entitled "Income" and "Adjusted Gross Income". If you are unable to produce complete copies, a "Tax Information Authorization" form has been attached for your convenience.

3. Please provide copies of all documentation in support of the entries made to the sections entitled "Interest" and "Ordinary Dividends" of Schedule 1 for United States Individual Tax Return(s) of Omar Martinez for the tax years 2000, 2001, 2002, and 2003 (when prepared and filed). If you are unable to produce complete copies, a "Tax Information Authorization" form has been attached for your convenience.

4. Please provide complete copies of United States Return of Partnership Income of "O & A Transport" for the tax years, 2000, 2001, 2002, and 2003 (when prepared and filed) together with all accompanying schedules, forms and attachments, including but not limited to, 1099's, Schedules, Summaries, Detail Statements, and Worksheets. If you are unable to produce complete copies, a "Tax Information Authorization" form has been attached for your convenience.

5. Please provide all documentation in support of the entries made to the sections entitled "Income" and "Deductions" to United States Return of Partnership Income of "O & A Transport" for the tax years 2000, 2001, 2002, and 2003 (when

3

prepared and filed), including but not limited to, all W-2's, 1099's, and other documentation in support of and necessary for the determination of the entries for the Sections entitled "Income" and "Deductions". If you are unable to produce complete copies, a "Tax Information Authorization" form has been attached for your convenience.

6. Please provide copies of documents relating to all business entities with which Omar Martinez was affiliated, including "O&A Transport" and "Omars Trucking", including any documents reflecting the formation and creation of the entity, date the entity was created, the type of entity, the duration of existence, the business conducted by the entity, the members or parties to the entity and their interest in the entity, any agreements between members or parties of the entity, net earnings by the partnership or entity from August 2000 through August 2003.

7. Please provide all books, papers, records, writings, data, documents and other proof relative to and/or that reflect the loan(s), disbursement of loan proceeds, or payment of notes associated with Lots 7 and 24 referred to in your response to Plaintiff's Interrogatory number 8, Exhibit "B". These records include, but are not limited to, all agreements, contracts, closing documents, loan contracts, mortgage and lien documents and instruments, promissory notes, settlement papers, notes, memoranda, deeds and other proofs of ownership, deeds of trust, title policies, all records, writings and documents submitted by the borrower (such as applications, financial statements, balance sheets, state and federal tax returns, profit and loss statements, credit reports), receipts issued for down payments, copies of any and all checks (front and back) including but not limited to loan disbursement check(s), and statements reflecting the transfer or deposit of any funds received from the loans, all repayment records, such as, receipts, checks and other monetary instruments (front and back) revealing the date, amount and method of repayment (cash, check, wire transfer or other). Also, if Lots 7 and/or 24 were purchased from you or transferred from you to a third party, please provide the purchase documents or documents transferring the property to a third party, including documents reflecting the date of purchase or transfer, the name of buyer or third party, purchase price, and source, form and amount of payment.

8. With regard to the trucks and trailers referred to in your response to Plaintiff's Interrogatory number 8, Exhibit "B", and the 1995 Peterbuilt truck, partial serial number 372371, purchased for approximately $32,500.00 on or about 10/1/2000;

the 1994 Kenworth truck, partial serial number 623820, purchased on 4/1/01 for approximately $20,000.00; and the 1991 Utility Trailer, partial serial number 484304, purchased on 4/18/01 for approximately $8000, as described on O&A Transport's 2002 tax form, Depreciation Schedule, attached as "Exhibit C" to your response to Plaintiff's Interrogatories: Please provide documentation evidencing the acquisition or purchase of the above trucks or trailers as reflected on the Depreciation Schedule, any loans obtained to finance the purchase(s), repayment of the loans, and any sale or transfer of the above vehicles to third parties. These records include, but are not limited to, all purchase invoices, payment receipts, agreements, statements, contracts, closing documents, loan contracts, promissory notes, settlement papers, notes, memoranda, all records, writings and documents submitted by the borrower (such as applications, financial statements, balance sheets, state and federal tax returns, profit and loss statements, credit reports), receipts issued for down payments, copies of any and all checks (front and back) including but not limited to loan disbursement check(s), and statements reflecting the transfer or deposit of any funds received from the loans, all repayment records, such as, receipts, checks and other monetary instruments (front and back) revealing the date, amount and method of repayment (cash, check, wire transfer or other). Also, if the property was subsequently transferred to a third party, please provide the documents evidencing the sale or transfer to a third party, including documents reflecting the date of purchase or transfer, the name of buyer or third party, purchase price, and source, form and amount of payment.

9. Please provide all documentation in support of or relating to your contention that you borrowed the bulk of the defendant currency from your father, Esteban Martinez, Sr. and siblings Julissa Trevino and Esteban Martinez, Jr. Documentation includes but is not limited to, all books, records, papers, writings, correspondence, data, ledgers, checks, notes, agreements, loan agreements, contracts, monetary instruments, promissory notes, IOU's, banking/financial institution records, check and deposit registers, deposits and deposit items, bank checks, cashier checks, teller checks, money orders, debit/credit records, bank/financial institution statements, data, as well as other records that reflect or relate in any manner to the deposit, receipt, delivery, transfer, deposit, negotiation, transaction of the defendant currency and any portion thereof, and the subsequent negotiation, withdrawal, transaction, disbursement, delivery, and distribution of the defendant currency and any portion thereof.

10. Please provide all books, papers, records, ledgers, notes, writings, documents and data including but not limited to receipts, ledgers, checks (front and back), monetary instruments, correspondence, that reflect any repayment(s), in whole or in part, to your father Esteban Martinez, Sr. and siblings Julissa Trevino and Esteban Martinez, Jr., for the alleged loans they made to you.

11. Please provide all documentation which supports your contention that you owned a portion of the defendant currency. Documentation includes but is not limited to all books, papers, writings, ledgers, data, documents, notes, checks, receipts, monetary instruments, banking/financial institution records that relate to or reflect your ownership and the source of the defendant currency, including but not limited to the deposit, receipt, delivery, transfer, negotiation, transaction of the defendant currency and any portion thereof, and the subsequent negotiation, withdrawal, transaction, disbursement, delivery, and distribution of the defendant currency and any portion thereof.

12. Please provide documents, records, ledgers, papers, books, writings and data for any and all financial institutions in which (a)you had/have an account in whole or in part in your name; (b) an account in which you had/have an interest; (c) an account in which you had/have signature authority, for the time frame August 1, 2000 through August 2003. These documents include but are not limited to statements, checks, deposit and deposit items, debits, credits and other documents that reflect any activity. These documents include but are not limited to documents which reflect the name, address and telephone number of the financial institution,

(The plaintiff United States intends to issue administrative subpoenas to Texas State Bank, International Bank of Commerce, Bank of America, and Falcon International Bank, for records of bank accounts identified in your response to Plaintiff's Interrogatory No. 5, and on your income tax returns attached as Exhibit "C" to your responses. Copies of the subpoenas have been provided to you. If you have copies of any items requested in the bank subpoenas, please make them available for inspection or reproduction to conserve time and expense. Alternatively, a form authorizing the banks to produce bank records is attached. If you wish to complete this form, please return it to the undersigned attorney, via facsimile, within three days).

12. Please provide documents that reflect and/or relate to you and your wife, Mayra Martinez's monthly living expenses for each month of the time period August 1, 2000 through August 31, 2003. These documents to include but are not limited to ledgers, bills, coupons, and/or statements that reflect amounts due for mortgage, automobile(s) note/lease, utilities, child support, cellular and other telephone service, television services (cable/satellite etc.), use of credit cards.

13. Please provide copies of checks, ledgers, money orders, or other monetary instruments that were utilized to pay, the monthly amounts due for mortgage, automobile(s) note/lease, utilities, child support, cellular and other telephone service, television services, and copies of credit card statements for each month for the time period August 1, 2000 through the month of July 2003. If cash payments, provide records, books, papers, writings, documents and data which document said payments, for example, receipts.

14. Please provide any and all documents, papers, ledgers, records, books, writings and data which reflect net income earned by you and/or your wife Mayra Martinez for the time frame August 2000 through August 2003. Include any records which reflect income earned or money received by gift, inheritance or otherwise. These records to include but are not limited to paycheck stubs, statements and other documents that set forth all deductions, such as employment taxes, subtracted from gross income.

15. Please provide documents, papers, records, books, writings and data that relate to and reflect the places of travel prior to the seizure of defendant currency in support of your response to Plaintiff's Interrogatory No. 10. Please provide documents, such as travel documents (tickets, frequent flyer records, receipts, pay stubs, charge records and/or statements showing billing and/or payment(s) of airline, train, bus, rental car, hotel, or other). Please include all records, documents, papers, writings, data that reflect the dates of travel, the means of travel, the manner of payment (eg. cash/credit card).

16. Please provide documents, papers, records, books, writings and data that reflect or relate to your inquiry about a business at "38 Fairton Cederville Rd. 553 County Rd. Fairton, New Jersey 08302," including papers, writings, business cards, journals, electronic communications, describing what business was located at the above address, the purpose and nature of your business inquiry, the name

and phone number of the proprietor or person in charge at the business, the name, address and phone number of the person(s) you contacted or communicated with regarding the business inquiry, the dates of communications, and dates and locations of any meetings.

17. Please provide all billing, long distance, local, toll, subscriber, telephone connection records, records of session times and duration, types of service(s), and plan(s) for telephone numbers (956)514-9879, (956) 532-9124; (956) 648-4425; (956) 244-2032, and any cell numbers under your name or used by you between May 1, 2002 and August 31, 2003.

## **CERTIFICATE OF SERVICE**

I, Katherine L. Haden, Assistant United States Attorney, do hereby certify that a true and correct copy of the Plaintiff's First Request for Production of Documents has been sent by certified mail, return receipt requested, and by facsimile, on this day, March 2, 2006, addressed to:

Attorneys for Claimant
Oscar De La Fuente, Jr.
Daniel Sanchez
501 E. Tyler Avenue
Harlingen, Texas 78550
Telephone (956) 425-5297
Facsimile (956) 425-1844

_____
Katherine L. Haden
Assistant United States Attorney

| **U.S. Department of Justice** | Mailing Address: | Physical Location: |
|---|---|---|
| United States Attorney's Office<br>Southern District of Texas | P.O. Box 61129<br>Houston, Texas 77208-1129 | (Not a mailing address)<br>910 Travis Street # 1500<br>Houston, Texas |
| | Phone (713) 567-9365 | Fax (713) 718-3404 |

March 2, 2006

Oscar De La Fuente, Jr.
Attorney for Omar Martinez
501 E. Tyler
Harlingen, Texas 78550
Via Fax (956) 425-1844

Re: *United States v. $155,895 United States Currency*, Civil Action No. B04-015

Dear Mr. De La Fuente, Jr.:

I have enclosed the United States' request for production of documents and attachments (authorization forms to IRS to disclose tax information and affidavit authorizing banks to disclose and produce financial records to the United States Attorney's office). If Omar and Mayra wish to complete these forms in response to the request for production, please return the signed forms to me, via facsimile, within seven days.

                                  Sincerely,

                                  Katherine L. Haden
                                  Assistant United States Attorney
                                  Telephone:  (713) 567-9365
                                  Facsimile:  (713) 718-3404

# AFFIDAVIT

STATE OF _____
COUNTY OF _____

      Before me, the undersigned authority, personally appeared _____, who being by me duly sworn, deposed as follows:

      My name is _____, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

      I hereby authorize _____, to disclose to the United States Attorney's Office any and all financial records pertaining to any past or present accounts under my name or in which I have an interest for a period not to exceed three months, in connection with *United States v. $155,895 United States Currency*, Case Number B-04-015, a civil forfeiture action brought under 21 U.S.C. § 881.

      I understand my rights under 12 U.S.C. § 3401, *et. al.*, and that I may revoke this authorization at any time before the financial records are disclosed.


_____
Affiant

Sworn to and subscribed before me on the ___ day of _____, 20____.

      Notary Public, State of _____

      My commission expires: _____