

LYONS & RHODES, P.C.
VENDOR: MAROMA

003640

| OUR REF. NO. | YOUR INVOICE NO. | INVOICE DATE | INVOICE AMOUNT | AMOUNT PAID | DISCOUNT TAKEN | NET CHECK AMO |
|---|---|---|---|---|---|---|
| 19639 | 081800 | 8/18/2000 | 129,454.74 | 129,454.74 | | 129,454.74 |

RE: MANUELA MARTINEZ 1556?98
OMAR MARTINEZ
CLIENT'S SETTLEMENT SHARE

IOLTA acct.

Exhibit M

**LYONS & RHODES, P.C**
**DISTRIBUTION OF SETTLEMENT**
**MANUEL MARTINEZ, Dec'd**
**1556-98**

| | |
|---|---:|
| Lyons & Rhodes, P.C. - Attorney Fees | $ 455,015.00 |
| Texas Watch | 25.00 |
| Dan Alfaro - Attorney Fees | 303,360.00 |
| Lyons & Rhodes, P.C. - Costs and Expenses | 61,473.93 |
| NHIC/Medicaid Lien | 488.15 |

TOTAL NET RECOVERY TO PLAINTIFFS:

| | |
|---|---:|
| Bernardina Canchola | $ 40,000.00 |
| Esteban Martinez | 129,454.74 |
| Esteban Martinez, Jr. | 129,454.74 |
| Omar Martinez | 129,454.74 |
| Armando Martinez | 129,454.74 |
| Eriberto Martinez | 129,454.74 |
| Martin Martinez | 129,454.74 |
| Irma Zamora | 129,454.74 |
| Julissa Trevino | 129,454.74 |
| Total Net Recovery to Plaintiffs | 1,075,637.92 |
| **TOTAL DISBURSEMENT OF SETTLEMENT** | **$1,896,000.00** |

NO. C-1966-99-F

| | | |
|---|---|---|
| ESTEBAN MARTINEZ, Individually and as Representative of the ESTATE OF MANUELA MARTINEZ, DECEASED, and ESTEBAN MARTINEZ, JR., OMAR MARTINEZ, MARTIN MARTINEZ, IRMA ZAMORA, JULISA TREVINO, ERIBERTO MARTINEZ, ARMANDO MARTINEZ, and BERNARDINA CANCHOLA, Individually | § § § § § § § § § § | IN THE DISTRICT COURT |
| VS. | § § | |
| KNAPP MEDICAL CENTER, ASHRAF HILMY, M.D., JOHN CHUNGA, M.D., LINDA TEMPLETON, CRNA, AND JOHN PETE CHUNGA, P.A. | § § § § | 332nd JUDICIAL DISTRICT<br><br>HIDALGO COUNTY, TEXAS |

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement") is entered into on the _____ day of _____, 2000, by ESTEBAN MARTINEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MANUELA MARTINEZ, DECEASED, ESTEBAN MARTINEZ, JR., OMAR MARTINEZ, MARTIN MARTINEZ, IRMA ZAMORA, JULISA TREVINO, ERIBERTO MARTINEZ, ARMANDO MARTINEZ, and BERNARDINA CANCHOLA, INDIVIDUALLY ("Plaintiffs"), JOHN CHUNGA, M.D. ("Defendant"), and AFFINITY INSURANCE SERVICES OF WASHINGTON ("Insurer").

Recitals

A. On or about April 12, 1999, Plaintiffs filed their Original Petition against this Defendant in the 332nd Judicial District Court of Hidalgo County, Texas, in Cause No.

C-1966-99-F, which suit arose out of certain care and treatment rendered by this Defendant to MANUELA MARTINEZ, DECEASED. In the suit, the Plaintiffs sought to recover monetary damages on account of said treatment from this Defendant in connection with the treatment of Manuela Martinez, Deceased.

B.    The Insurer is the liability insurer of this Defendant, and as such, would be obligated to pay any judgment obtained against this Defendant which is covered by its respective policies.

C.    The Parties desire to enter into this Settlement Agreement in order to provide for certain payments in full settlement and discharge of all claims which are or might have been the subject of the suit, upon the terms and conditions set forth herein.

## Agreement

The Parties agree as follows:

### Release and Discharge

In consideration of the payments called for herein, Plaintiffs completely release and forever discharge the Defendant, JOHN CHUNGA, M.D., and his insurer, AFFINITY INSURANCE SERVICES OF WASHINGTON, and said Parties' past, present and future officers, directors, stockholders, attorneys, including but not limited to, the lawyers and law firms of Defendant, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns and all other persons, firms, or corporations with whom any of the former have been, are now or may hereafter be affiliated, of and from any and all past, present or future claims, demands, obligations, actions, causes

of action, wrongful death claims, survivorship claims, rights, damages, costs, losses or services, expenses and compensatory damages, which the Plaintiffs now have or which may hereafter accrue or otherwise be acquired, on account of, or in any way growing out of, or which are the subject of, the suit and all related pleadings in Cause No. C-1966-99-F referred to above, including, without limitation, any and all known or unknown claims for personal injuries to the Plaintiffs, or any of their representatives, which have resulted or may result from the alleged acts or omissions of the Defendant specified in the suit in Cause No. C-1966-99-F. This Release, on the part of the Plaintiffs, shall be a fully binding and complete settlement between the Plaintiffs, this Defendant, and his Insurer, their assigns and successors. The Plaintiffs agree to satisfy any and all governmental liens of any kind and to provide to this Defendant's counsel, written proof that all such liens have been satisfied and released in full. The Plaintiffs further agree to defend, indemnify and hold this Defendant and his Insurer harmless from and against all such claims, demands, obligations, actions, causes of action, damages, cost, and expenses which might arise as a result of any claim hereinafter made by any person claiming by, through or under the Plaintiffs against Defendant, his Insurer, or anyone in privity with them from events involved in that cause of action No. C-1966-99-F filed by Plaintiffs on or about April 12, 1999, in the 332nd Judicial District Court of Hidalgo County, Texas. It is understood and agreed by the Parties that this settlement is a compromise of a doubtful and disputed claim, and the payments are not to be construed as an admission of liability on the part of the Defendant, by whom liability is expressly denied.

### Payments

In consideration of the Release set forth herein and with the understanding by all parties that all sums set forth below constitute damages on account of physical injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, Insurer hereby agrees to pay the following sums in the manner described below:

Upon execution of this agreement by all parties, Insurer agrees to pay to "LYONS & RHODES TRUST ACCOUNT, the sum of Four Hundred Ninety-Six Thousand and No/100 Dollars ($496,000.00).

It shall be further noted that no claim is asserted nor payment herein is made for exemplary damages.

### Confidentiality

~~It is further agreed that the terms and conditions of the Settlement Agreement and Release are to remain confidential, and other than the simple fact that the matter was resolved by settlement, shall not be disclosed to the public in any form or fashion, either directly or indirectly, with the exception of reporting that the case was resolved by settlement in the Blue Sheet or other trial reporter and the fact that a final Dismissal of the case was made.~~ *[struck through, marginal note: "Not Agreed To"]*

### Judgment

Concurrently with the execution of this Settlement Agreement, all parties hereto agree to present the Court a Final Order in a form heretofore agreed to by Counsel for Plaintiffs and for this Defendant. Such form of Final Order shall be presented to the Court for entry.

### Entire Agreement and Successors In Interest

This Settlement Agreement contains the entire agreement between the Plaintiffs, this Defendant, and his Insurer with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representative, heirs, successors and assigns of each.

### Representation Of Comprehension Of Document

In entering into this Settlement Agreement, the Plaintiffs represent that the terms of this Settlement Agreement have been completely read by them and explained to them by their attorney, and that those terms are fully understood and voluntarily accepted by them.

### Governing Law

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Texas.

### Additional Documents

All Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement.

EXECUTED this _____ day of _____, 2000.

APPROVED:

_____
ESTEBAN MARTINEZ, Individually
and as Representative of the Estate of
MANUELA MARTINEZ, DECEASED

_____
ESTEBAN MARTINEZ, JR., Individually

*[signature: Omar Martinez]*
_____
OMAR MARTINEZ, Individually

_____
MARTIN MARTINEZ, Individually

_____
IRMA ZAMORA, Individually

_____
JULISA TREVINO, Individually

_____
ERIBERTO MARTINEZ, Individually

_____
ARMANDO MARTINEZ, Individually

_____
BERNARDINA CANCHOLA, Individually

STATE OF TEXAS            )

COUNTY OF _____ )

BEFORE ME, the undersigned authority in and for said County and State, on this day personally appeared ESTEBAN MARTINEZ, known to me to be the person whose name is subscribed on the foregoing instrument, and acknowledged such instrument to be his act and deed and declared that he had willfully signed the same in the capacities stated for the purposes and considerations therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2000.


(SEAL)                                              Notary Public in and for
                                                    the State of Texas

STATE OF TEXAS )

COUNTY OF _____ )

BEFORE ME, the undersigned authority in and for said County and State, on this day personally appeared ESTEBAN MARTINEZ, JR., known to me to be the person whose name is subscribed on the foregoing instrument, and acknowledged such instrument to be his act and deed and declared that he had willfully signed the same in the capacities stated for the purposes and considerations therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2000.


(SEAL)                         Notary Public in and for
                               the State of Texas

STATE OF TEXAS )

COUNTY OF H̲I̲D̲A̲L̲G̲O̲ )

BEFORE ME, the undersigned authority in and for said County and State, on this day personally appeared OMAR MARTINEZ, known to me to be the person whose name is subscribed on the foregoing instrument, and acknowledged such instrument to be his act and deed and declared that he had willfully signed the same in the capacities stated for the purposes and considerations therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 22ND day of August, 2000.

(SEAL)

> HERLINDA B. TORRES
> Notary Public, State of Texas
> My Commission Expires
> October 03, 2002

Herlinda B. Torres
Notary Public in and for
the State of Texas

---

Settlement Agreement and Release                                                                 Page 9

STATE OF TEXAS        )

COUNTY OF _____ )

BEFORE ME, the undersigned authority in and for said County and State, on this day personally appeared MARTIN MARTINEZ, known to me to be the person whose name is subscribed on the foregoing instrument, and acknowledged such instrument to be his act and deed and declared that he had willfully signed the same in the capacities stated for the purposes and considerations therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2000.


(SEAL)                          _____
                                Notary Public in and for
                                the State of Texas

STATE OF TEXAS )

COUNTY OF _____ )

BEFORE ME, the undersigned authority in and for said County and State, on this day personally appeared IRMA ZAMORA, known to me to be the person whose name is subscribed on the foregoing instrument, and acknowledged such instrument to be her act and deed and declared that she had willfully signed the same in the capacities stated for the purposes and considerations therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2000.


(SEAL)                                                    Notary Public in and for
                                                          the State of Texas

STATE OF TEXAS            )

COUNTY OF _____ )

BEFORE ME, the undersigned authority in and for said County and State, on this day personally appeared JULISA TREVINO, known to me to be the person whose name is subscribed on the foregoing instrument, and acknowledged such instrument to be her act and deed and declared that she had willfully signed the same in the capacities stated for the purposes and considerations therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2000.


(SEAL)                                    _____
                                          Notary Public in and for
                                          the State of Texas

STATE OF TEXAS )

COUNTY OF _____ )

BEFORE ME, the undersigned authority in and for said County and State, on this day personally appeared ERIBERTO MARTINEZ, known to me to be the person whose name is subscribed on the foregoing instrument, and acknowledged such instrument to be his act and deed and declared that he had willfully signed the same in the capacities stated for the purposes and considerations therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2000.


(SEAL)

Notary Public in and for
the State of Texas

STATE OF TEXAS        )

COUNTY OF _____ )

BEFORE ME, the undersigned authority in and for said County and State, on this day personally appeared ARMANDO MARTINEZ, known to me to be the person whose name is subscribed on the foregoing instrument, and acknowledged such instrument to be his act and deed and declared that he had willfully signed the same in the capacities stated for the purposes and considerations therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2000.


(SEAL)                              _____
                                    Notary Public in and for
                                    the State of Texas

STATE OF TEXAS    )

COUNTY OF _____ )

BEFORE ME, the undersigned authority in and for said County and State, on this day personally appeared BERNARDINA CANCHOLA, known to me to be the person whose name is subscribed on the foregoing instrument, and acknowledged such instrument to be her act and deed and declared that she had willfully signed the same in the capacities stated for the purposes and considerations therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of _____, 2000.


(SEAL)                                    Notary Public in and for
                                          the State of Texas