## Haden, Katherine (USATXS)

**From:** Haden, Katherine (USATXS)
**Sent:** Wednesday, April 19, 2006 9:33 AM
**To:** 'PAUL FOURT'
**Cc:** 'ODelafuentelaw@SBCglobal.net'
**Subject:** RE: Omar Martinez Case

There are still outstanding requests for production of evidence. While you may now desire a June trial date (contrary to your recent conversations), my immediate concern is your clients' failure to engage in discovery in good faith. It is not a matter of extending discovery, it is a matter of completing discovery. Your clients (claimants in this action) have not completed discovery. The government's notices of deposition requested your clients (Esteban Martinez, Jr., Julissa Trevino and Esteban Martinez Sr.) to produce certain documents at their depositions on April 5 pursuant to Fed.R.Civ. P. 30, including providing information identifying bank accounts and copies of complete bank records (not an isolated unexplained and unsupported document), and tax returns; documents reflecting household living expenses, loans or notes, income, and documents reflecting ownership and source of defendant currency. I also attached to the notices of deposition forms for your clients to execute, authorizing disclosure and production of bank records and tax returns from relevant banks and IRS so that we could move forward to obtain the records as soon as possible. Although they had over 30 days notice, they did not provide the documents we requested (they did not appear to even make a good faith attempt to produce requested documents). The fact that Omar Martinez was able to produce an incomplete record of a banking transaction of two co-claimants, demonstrates your clients' ability to obtain their own bank records--contrary to their statements during depositions that they did not have bank records. Nor did your clients fill out the authorization forms until after they appeared for depositions--rather than completing and sending them back earlier. Your clients testified during depositions that they could not recall facts or did not know whether they had incurred loans, made large purchases, and information regarding living expenses within the last 5 years.

Following the depositions, there was a list of items that you were going to obtain from your clients (as reflected in your 4/7/06 email), but I have received no word back. I have not even received the basic information I requested, such as social security #s, birthdate and authorization of spouses so we could obtain the necessary bank and tax records.

Also, the government served a request for production of documents on claimant Omar Martinez to provide certain documents--that have still not been provided as reflected in my April 10 email to you and Oscar De La Fuente outlining the items that have not been produced by Omar--to which I still have received no response.

After obtaining incomplete bank and tax authorizations during depositions (did not include information regarding spouses), I was atleast able to obtain the names of the banks at which claimants state they hold accounts--although I am still waiting for additional information as stated above. I cannot even begin subpoenaing Esteban Martinez Jr.'s bank records until you provide the data and authorization from the wife who is the signatory on the household account in which Esteban claims he deposited the amount of the legal settlement. During depositions on April 6, we discussed the length of time it would take the government to obtain the necessary bank records relating to the claimants via subpoena and we all agreed that a later trial date would be required. In fact, it was your wish to bring the matter immediately to Judge Hanen during my trip on 4/12 and 4/13 in an effort to obtain a new scheduling order and trial date.

Your sudden change of mind concerning the trial date does not alter the requirement that you

Exhibit Q

complete discovery. Until discovery is completed, providing witness lists, etc, is premature. If you can envision providing ALL the requested evidence in the notices of deposition by the end of business day Monday, April 24, 2006, then I would have no objection to proceeding to trial in June 2006. However, in light of events, to date, I do not envision your clients complying with the discovery request by Friday or for that matter, any time soon. Please let me know if it is realistic for your clients to comply with our discovery request by Monday, April 24, 2006, and to continue depositions if necessary? Also, please let me know when you will have the items listed in your 4/7/06 email. Claimants are under a continuing obligation to provide information covered by our request over which they have possession or control.

As far as extending discovery, I have already extended that courtesy to you. Although you gave me very short notice on deposing two government witnesses (police officers), I did not oppose extending the deadline for taking their depositions on April 13. If there is necessity to extend discovery with regard to other matters, I will be glad to consider the matter if and when the need arises.

---

**From:** PAUL FOURT [mailto:pfourt@msn.com]
**Sent:** Friday, April 14, 2006 4:14 AM
**To:** Haden, Katherine (USATXS)
**Subject:** Omar Martinez Case

Katherine- I had a chance to visit with Oscar yesterday after the depo. We have agreed that it is in our clients best interest to go ahead with trial in June before Judge Hanen. In light of your and Inv. Silva's comments at the depo, it is clear to us that no offer of settlement will be forthcoming from your office. That being the case, there is no upside for delay for our clients. I would like to take Mike Garcia's depo if possible. If not than so be it, but we are going to try this case in June. Let me know if you would like to extend any discovery deadlines. I am going to be filing some discovery motions, evidentiary motions, motions in limine and a few others for trial. I will get them to you asap. We can take up my motions at the final pretrial or we can request a hearing date before then, just let me know. I don't think this case will take more than 2-3 days so we have plenty of time to pick a jury in June. I think the most important thing is to exchange witness lists asap. We both need time to get witness ready and present for trial.
Thanks, Paul


Paul L. Fourt, Jr.
Attorney at Law
D. J. LERMA BUILDING
1000 E. Van Buren
Brownsville, TX 78520
965-574-0109
Fx- 956-574-0227
Cell-956-545-7042
THE INFORMATION CONTAINED IN THIS EMAIL MESSAGE IS ATTORNEY/CLIENT PRIVILEGE AND CONFIDENTIAL INFORMATION

4/28/2006