**Haden, Katherine (USATXS)**

**From:**    PAUL FOURT [pfourt@msn.com]
**Sent:**    Wednesday, April 19, 2006 5:15 PM
**To:**    Haden, Katherine (USATXS)
**Subject:** Re: Omar Martinez Case

I agree with some of your email and I am still trying to get you the documents.  I don't understand the artificial deadline of April 24.  I agree to extend the deadline up to the Final Pretrial.  Hell, I don't care if we have open discovery up to the date of trial.  We just need to try this case.  As for changing my mind, sorry about that, but it is silly to drag this out if you won't even make an offer.  If you want it all, then lets try it in June and let the jury divide up the money.  My clients are law bidding citizens with no criminal history and they want their money back.  Whatever beef the US has with Omar is Omar's problem and should not be mine or my clients.  It is clear that Jullisa, Esteban Sr. and Jr. are not have never been involved in the drug trade.  Give me back Esteban Sr's 20k and Julissa's 15K and make a reasonable offer on Esteban Jr's 77k and I bet we could resolve this today with a good portion of $$$$ to the US.  If you made an offer to the family I suspect Omar would walk away from his share.  I don't know that for fact, but I think its possible.  I mean Omar's priors stink to high heaven, but my clients do not, so consider my offer and email to let me know....As for the witness lists we both know that is really a formality because I can tell you today with about 98% accuracy who the witnesses will be for the June 1, trial date.  I think we should just keep working on discovery and prep for trial in june unless we can agree to resolve this.....
Thanks PLF

----- Original Message -----
**From:** Haden, Katherine (USATXS)
**To:** PAUL FOURT
**Cc:** ODelafuentelaw@SBCglobal.net
**Sent:** Wednesday, April 19, 2006 9:32 AM
**Subject:** RE: Omar Martinez Case

There are still outstanding requests for production of evidence.  While you may now desire a June trial date (contrary to your recent conversations), my immediate concern is your clients' failure to engage in discovery in good faith.  It is not a matter of extending discovery, it is a matter of completing discovery. Your clients (claimants in this action) have not completed discovery.  The government's notices of deposition requested your clients (Esteban Martinez, Jr., Julissa Trevino and Esteban Martinez Sr.) to produce certain documents at their depositions on April 5 pursuant to Fed.R.Civ. P. 30, including providing information identifying bank accounts and copies of complete bank records (not an isolated unexplained and unsupported document), and tax returns; documents reflecting household living expenses, loans or notes, income, and documents reflecting ownership and source of defendant currency.  I also attached to the notices of deposition forms for your clients to execute, authorizing disclosure and production of bank records and tax returns from relevant banks and IRS so that we could move forward to obtain the records as soon as possible.  Although they had over 30 days notice, they did not provide the documents we requested (they did not appear to even make a good faith attempt to produce requested documents).  The fact that Omar Martinez was able to produce an incomplete record of a banking transaction of two co-claimants, demonstrates your clients' ability to obtain their own bank records--contrary to their statements during depositions that they did not have bank records.  Nor did your clients fill out the authorization forms until after they appeared for depositions--rather than completing and sending them back earlier.  Your clients testified during depositions that they could not recall facts or did not know whether they had incurred loans, made large purchases, and information

Exhibit R

## Haden, Katherine (USATXS)

**From:** Haden, Katherine (USATXS)
**Sent:** Friday, April 21, 2006 9:31 AM
**To:** 'PAUL FOURT'
**Cc:** 'ODelafuentelaw@SBCglobal.net'
**Subject:** RE: Omar Martinez Case

Paul and Oscar:

Thank you for your gratuitous offer to extend discovery until trial. However, to my knowledge, the only discovery that is still outstanding is due from your clients who are climants in this action. Your offer reminds me of a deal my son made with his younger sister this morning. He agreed to let his sister have her own toy tommorrow, if she would let him have it today. I asked what he gave her in return for this arrangement, and he responded that he agreed to let her have the toy tommorrow. I responded, that the toy was hers to begin with and that she did not have to let him have it at all. He said, well, I offered to let her play with my Yugio book but she did not want to.

Anyway... I have seriously considered whether a reasonable settlement could be reached in this case, and if so, what amount would be reasonable from the government's perspective. With due respect to your clients, they did not even wish to take part in this case until Omar brought them in late in the game, and yes, he did choose the siblings with no criminal priors. Although, I am curious as to how Esteban Jr. has escaped the radar screen so far. I do not begin to speculate how a jury will view the entire evidence and circumstances. But, I do believe from the evidence, that the entire amount is drug proceeds--to which none of the claimants are entitled. I know you and Oscar have vested some time and expense on this case. Give me a specific offer and I will convey it to my chief, but I can tell you, I would personally have a problem with a figure much greater than ████to all claimants--how the amount is split is up to yall. Because I firmly believe ALL the $ is drug proceeds, I view returning any amount with reluctance. If you and Oscar wish to make a specific offer, call me and we will talk.   Otherwise, I agree we need to move forward. Which brings me to the next point...

Under the present scheduling order, the court's deadline for completion of discovery was April 7 to give both parties sufficient time to prepare for pre-trial and trial matters. Because of the claimants' dilatory conduct, I am unable to obtain the information I need to adequately prepare. I too would like to proceed to trial promptly, but not if it is sacrificing adequate preparation. With the exception of a couple of W2 forms provided by Julissa Trevino, Paul's clients did not make a good faith effort to produce any items requested in the notice of deposition. Omar produced a few incomplete, ambiguous, and unsupported records of bank transactions by co-claimants in response to the government's request for production of documents. However, when I asked the co-claimants specific questions concerning their source of the defendant currency, not only did they fail to specify the bank transactions to support their contentions--they had difficulty recalling details, dates, etc. I have been requesting copies of bank records for weeks, and still do not have all the authorizations from your clients to subpoena the necessary bank records (I need Juanita Martinez's authorization). There is no question that the bank records are highly relevant and necessary in this case. As we discussed during depositions, it will take the banks atleast 30 days (if we are lucky) to produce the bank records for your three claimant/clients. It will then be necessary to review and analyze them.

I highly doubt that your clients will produce complete copies of bank records for the requested dates by 4/24. But I still need to confirm whether you plan to comply with discovery by 4/24-- which represents an extension of the court-imposed deadline for completion of discovery not an

"artificial" deadline. I also need the items we discussed in my April 7 and 10 emails to you and Oscar. (i.e confirming which bank records produced by Omar as to question #9 represents your clients' alleged source of defendant currency; and explaining how the real estate purchase by Esteban Martinez Sr. is applicable to documentation Omar produced to support the contention he borrowed part of defendant currency from his father. During depo, Esteban Sr. did not recall any real estate purchase; nor did he tie a real estate purchase to the $ he claimed to lend to Omar).

Also, I am unaware of any outstanding discovery due from the government, but if there is, please let me know what it is so I can provide that to you.

Thanks, Katherine

**From:** PAUL FOURT [mailto:pfourt@msn.com]
**Sent:** Wednesday, April 19, 2006 5:15 PM
**To:** Haden, Katherine (USATXS)
**Subject:** Re: Omar Martinez Case

I agree with some of your email and I am still trying to get you the documents. I don't understand the artificial deadline of April 24. I agree to extend the deadline up to the Final Pretrial. Hell, I don't care if we have open discovery up to the date of trial. We just need to try this case. As for changing my mind, sorry about that, but it is silly to drag this out if you won't even make an offer. If you want it all, then lets try it in June and let the jury divide up the money. My clients are law bidding citizens with no criminal history and they want their money back. Whatever beef the US has with Omar is Omar's problem and should not be mine or my clients. It is clear that Jullisa, Esteban Sr. and Jr. are not have never been involved in the drug trade. Give me back Esteban Sr's 20k and Julissa's 15K and make a reasonable offer on Esteban Jr's 77k and I bet we could resolve this today with a good portion of $$$$ to the US. If you made an offer to the family I suspect Omar would walk away from his share. I don't know that for fact, but I think its possible. I mean Omar's priors stink to high heaven, but my clients do not, so consider my offer and email to let me know....As for the witness lists we both know that is really a formality because I can tell you today with about 98% accuracy who the witnesses will be for the June 1, trial date. I think we should just keep working on discovery and prep for trial in june unless we can agree to resolve this....
Thanks PLF

----- Original Message -----
**From:** Haden, Katherine (USATXS)
**To:** PAUL FOURT
**Cc:** ODelafuentelaw@SBCglobal.net
**Sent:** Wednesday, April 19, 2006 9:32 AM
**Subject:** RE: Omar Martinez Case

There are still outstanding requests for production of evidence. While you may now desire a June trial date (contrary to your recent conversations), my immediate concern is your clients' failure to engage in discovery in good faith. It is not a matter of extending discovery, it is a matter of completing discovery. Your clients (claimants in this action) have not completed discovery. The government's notices of deposition requested your clients (Esteban Martinez, Jr., Julissa Trevino and Esteban Martinez Sr.) to produce certain documents at their depositions on April 5 pursuant to Fed.R.Civ. P. 30, including providing information identifying bank accounts and copies of complete bank records (not an isolated unexplained and unsupported document), and tax returns; documents reflecting household living expenses, loans or notes, income, and documents reflecting ownership and source of defendant currency. I also attached to the notices of deposition forms for your clients to execute, authorizing disclosure and production of bank records and tax returns from relevant banks and IRS so that

**From:** PAUL FOURT [mailto:pfourt@msn.com]
**Sent:** Friday, April 21, 2006 11:27 AM
**To:** Haden, Katherine (USATXS)
**Subject:** Re: Omar Martinez Case

I like your emails!  They are funny and I am glad we can both keep a good sense of humor!
And I agree with your Toy Parable, in that it is ridiculous for my law bidding citizen clients to
have to "Beg and plead" the US government to give back something that they already
own!!!! It is so not fair!
    You are so right on that point....er, or did I get it backwards?  Im not sure.  Anyway, I am
working on the docs with my clients and will forward them to your office.   Realistically, you
can use any of these documents you are waiting on, but they are not smoking guns and will
not help the governments case.  You are pretty much stuck with the little circumstantial
evidence you have and I think that's a big problem for you.  And though you don't speculate
on juries, I do, and I think a Cameron County jury will like my clients and dislike the
government for taking their money with absolutely no crime committed by anyone.  But
really, we know each others positions and evidence, so instead of sending emails lets just pick
a jury and let them split up the money because it is clear that we can not.  OK??? Thanks PLF

----- Original Message -----
**From:** Haden, Katherine (USATXS)
**To:** PAUL FOURT
**Cc:** ODelafuentelaw@SBCglobal.net
**Sent:** Friday, April 21, 2006 9:31 AM
**Subject:** RE: Omar Martinez Case

Paul and Oscar:

Thank you for your gratuitous offer to extend discovery until trial. However, to my
knowledge, the only discovery that is still outstanding is due from your clients who are
climants in this action. Your offer reminds me of a deal my son made with his younger sister
this morning. He agreed to let his sister have her own toy tommorrow, if she would let him
have it today. I asked what he gave her in return for this arrangement, and he responded
that he agreed to let her have the toy tommorrow. I responded, that the toy was hers to
begin with and that she did not have to let him have it at all. He said, well, I offered to let
her play with my Yugio book but she did not want to.

Anyway... I have seriously considered whether a reasonable settlement could be reached in
this case, and if so, what amount would be reasonable from the government's perspective.
With due respect to your clients, they did not even wish to take part in this case until Omar
brought them in late in the game, and yes, he did choose the siblings with no criminal
priors. Although, I am curious as to how Esteban Jr. has escaped the radar screen so far.
I do not begin to speculate how a jury will view the entire evidence and circumstances. But, I
do believe from the evidence, that the entire amount is drug proceeds--to which none of the
claimants are entitled. I know you and Oscar have vested some time and expense on this
case. Give me a specific offer and I will convey it to my chief, but I can tell you, I would
personally have a problem with a figure much greater than $15K to all claimants--how the
amount is split is up to yall. Because I firmly believe ALL the $ is drug proceeds, I
view returning any amount with reluctance. If you and Oscar wish to make a specific offer,
call me and we will talk.   Otherwise, I agree we need to move forward.  Which brings me to
the next point...

Under the present scheduling order, the court's deadline for completion of discovery was