B

| U.S. Department of Justice | Mailing Address: | Physical Location: |
|---|---|---|
| *United States Attorney's Office* | P.O. Box 61129 | (Not a mailing address) |
| Southern District of Texas | Houston, Texas 77208-1129 | 910 Travis Street # 1500 |
| | | Houston, Texas |
| | Phone (713) 567-9365 | Fax (713) 718-3404 |

May 30, 2006

Paul Fourt, Jr.
Attorney at Law
1000 E. Van Buren
Brownsville, Texas, 78550
Facsimile No. 956-574-0227

Re: *United States v. $155,895 United States Currency*, Civil Action No. B-04-015

Dear Mr. Fourt:

Pursuant to the court's request, this letter outlines items of discovery that have been requested from your clients Esteban Martinez, Jr., Julissa Trevino and Esteban Martinez Sr., that either have not been produced or are subject to further inquiry:

1. The Notices of Deposition to Esteban Martinez, Jr., Julissa Trevino and Esteban Martinez Sr. requested that they bring to the deposition all documents in support of their claims and/or defenses of this forfeiture action, including any and all records or documentation supporting their claim they own a portion of Defendant Currency and the source of the Defendant Currency (i.e. all bank records reflecting the deposit, receipt, transfer, negotiation of the source of Defendant Currency and any subsequent negotiation, withdrawal, disbursement or distribution).

As discussed at the May 12 hearing on the Government's Motion to Compel Discovery, your clients have knowledge of the transactions that they allege to support their claims/defenses. They claim that the source of the Defendant Currency is a legal settlement check for $129,454.74, and have provided a copy of an invoice from Lyons & Rhodes P.C. for a net check amount of $129,454.74 on 8/18/00 in connection with their settlement share. Julissa Trevino and Esteban Martinez Jr. have also provided incomplete copies of bank records relating to certificates of deposits but have not provided any information as to how the

certificates of deposit were derived from a settlement check.

Is it their position that they cannot produce any records that would demonstrate what happened to the settlement check, or documents that would connect the certificates of deposit to the amount they received from the settlement check? If so, the government requests that Esteban Martinez Jr. and Julissa Trevino: (a) identify and describe the documents that would evidence what they did with their settlement check, that their settlement check is the source of funds used to purchase the certificates of deposit, and the complete history and disbursement of their settlement check and certificates of deposit; and (b) disclose the present or prior location of such records, including the name and address of the person or entity that possesses (or previously possessed) such records, and if applicable, any account numbers. The United States requests that claimants produce this information within 7 days after receiving this letter.

2. All items requested in the Notices of Deposition, Nos. 2, 3, 6, 7, 8, 9 and 10. The United States requests that the claimants produce any outstanding items covered by the above requests within 7 days after receiving this letter.

3. Your clients have not produced copies of bank records in response to Nos. 3, 6, 8, 9, other than incomplete bank records relating to certificates of deposits as previously mentioned. Is it your clients' position that they cannot produce copies of any relevant bank records? They executed authorizations for release of financial records from Texas State Bank (Esteban Martinez Sr.), Bank of Belle Glade (Esteban Martinez Jr.), and First Union/ Wachovia Bank (Julissa Trevino). Your clients testified that the above are the only banks at which they held accounts during the relevant periods (other than a later account opened under Juanita Martinez's name at Bank of America). IRS and bank records indicate there may be accounts at other banks. Please have your clients execute the attached bank authorization form and return to us within 7 days.

4. In your April 7, 2006, email to me, you listed items of discovery your clients would produce in response to the requests for production in the Notices of Deposition. Prior to the May 12 hearing, you delivered a package of commingled documents without identifying or describing the document, or the discovery request and claimant to which it relates. In order to confirm whether discovery requests have been satisfied with respect to each claimant, please identify and describe the above documents and designate the discovery request and claimant to which they relate. Also, many of the copies you provided are illegible. (I have attached pages

as an example). Please deliver legible copies of each document in your May 12 production. Please verify whether the produced items are all the records the claimants have on the requested categories of discovery. The United States requests that the claimants provide this information within 7 days after receiving this letter.

Sincerely,

_____
KATHERINE L. HADEN
Assistant United States Attorney
P.O. Box 61129
Houston, Texas 77208
Telephone: (713) 567-9365
Facsimile: (713) 718-3404


cc: Oscar De La Fuente, Jr.
Attorney for Omar Martinez