*C*

# PAUL L. FOURT, JR.
## ATTORNEY AT LAW

---

D.J. LERMA BUILDING  
1000 E. VAN BUREN  
BROWNSVILLE, TX 78520

O-956-574-0109  
F-956-574-0227  
pfourt@msn.com

June 13, 2006

Katherine Haden  
910 Travis Street #1500  
Houston Texas 77208  
fax-713-718-3404

        **RE:**   Civil Action No. B-04-015

Dear Katherine:

    In response to your letter of May 30, 2006, please find the following responses:

1. My clients have produced all the tangible documents in their possession. There may be more documents held in the bank archives, but my clients don't have them to produce. You have a bank authorization signed by my clients, together with their sworn testimony. This allows you to obtain whatever records you think will help your case. **Esteban Sr.** has only used Texas State Bank and you have that signed authorization. **Julissa Trevino** has signed the waiver for the bank in Florida where she deposited the money. She has another account with her husband at Texas State Bank, and an authorization is included with this correspondence. Esteban Jr. has signed an authorization for Bank of Belle Glade/Wachovia. He has another account with his wife at bank of America of America, and an authorization is included with this correspondence. In the abundance of caution, I submit a new authorizations for Bank of Belle Glade and Wachovia, individually.
2. My clients have signed a complete IRS release form. This allows you to obtain whatever IRS records you think will help your case. (Depo request 2).
3. Again, my clients have produced all the tangible documents in their possession. There may be more documents held in the bank archives, but my clients don't have them to produce. You have a bank authorization signed by my clients together with their sworn testimony. This allows you to obtain whatever records you think will help your case. (Depo request 3)
4. This was a cash transaction between family members, as you know from the depo testimony. So the documents requested in number 4 does not exist. (Depo request 4).

5. This was a cash transaction between family members, as you know from the depo testimony. So the documents requested in number 5 does not exist. (Depo request 5).
6. My clients have produced all the tangible documents in their possession. There may be more documents held in the bank archives, but my clients don't have them to produce. You have a bank authorization signed by my clients together with their sworn testimony. This allows you to obtain whatever records you think will help your case. (Depo request 6).
7. My clients do not have copies of household (phone, utilities, cable or credit cards) bills from Jan. 1, 2002 through Aug. 31, 2003. (Depo request 7).
8. My clients do not have copies of checks, ledgers or money orders that were used to pay bills from Jan. 1, 2002 through Aug. 31, 2003. To the extent a bank account was used, those records are available to the government through the bank authorizations signed by my clients. (Depo request 8).
9. My clients have produced all the tangible documents in their possession. There may be more documents held in the bank archives, but my clients don't have them to produce. You have a bank authorization signed by my clients together with their sworn testimony. This allows you to obtain whatever records you think will help your case. (Depo request 9).
10. My clients have signed a complete IRS release form. This allows you to obtain whatever IRS records you think will help your case. My clients are not claiming any additional income other than what was disclosed to the IRS. Documents have been provided to the government regarding the wrongful death lawsuit. (Depo request 2)
11. At this time, I don't know of any additional banks where the lawsuit money was deposited. If you know of a bank name and would like an authorization for that bank, please send me the name and location and will have my clients sign a release. (Letter request 3).
12. I attach a copy of my email of April 7, 2006. Nowhere in that email does it say my clients "would produce" those documents. You requested those documents, and in turn, I made that request to my clients. To the extent those documents exist and were located, they have been produced. My discovery production of May 12, 2006 was responsive to your request as stated in my email. I will supplement that request if needed. As to the Spouse records and authorizations, they are not my clients and are not party to the suit, therefore my clients have no obligation to produce these records.
13. Please find the fax copy of the real estate business card for the Broker used by my clients.
14. I have reviewed your answers to Oscar's interrogatories. They are not complete. Please answer the questions.

Sincerely,

Paul L. Fourt, Jr.