UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-04-015 |
| v. | § | |
| | § | |
| | § | |
| $155,895 UNITED STATES CURRENCY | § | |
|     Defendant. | | |

## UNITED STATES' RESPONSE TO CLAIMANTS' MOTION FOR ORDER COMPELLING DISCOVERY

The United States files this response to Claimant's Motion for Order Compelling Discovery, and would show that the Claimants' motion is unwarranted, groundless, and appears to be brought in bad faith. The Claimants have made an untimely and unsigned discovery request for the United States to produce and copy at its expense, within seven days, copies of all bank and tax records it has subpoenaed (over 2000 pages)—or face sanctions for failing to do so. This request also obligates the government to copy and produce any documents it receives in the future on outstanding subpoenas.

The Claimants' request exceeds the Court's deadline for completion of discovery, and contravenes the procedures and requirements set forth in the federal Rules governing discovery. Moreover, the Claimants can easily obtain the requested records from their banks and the IRS, at their own time and expense.

I. Procedural History and Factual Background

On May 12, 2006, this Court conducted a hearing on the United States' Motion for Continuance and Motion for Order Compelling Discovery (DE# 37).[1] The United States brought the motion for the failure of Claimants to cooperate in the discovery process. The basis for the motion stemmed from the failure of Claimants to produce records in response to the United States' requests for production of documents in their notices of deposition. The United States requested, among other things, production for inspection or copying, bank records and IRS records such as tax returns/W-2s for certain years; and all records supporting their claim that they owned a portion of the Defendant Currency and the source of the Defendant Currency, including deposits, withdrawals and so forth. *See* Fed.R.Civ.P. 30(b)(5) (Notice to a deponent may be accompanied by a request for production of documents pursuant to Fed.R.Civ.P. 34).

At the hearing on the government's motion to compel and motion for continuance, it was established that the Claimants had not provided complete information or documents in response to the government's request for production. During depositions, each Claimant had testified that their portion of the Defendant

---

[1] "DE" refers to the Civil Docket entry for Case No. B–04-015. The number that follows is the docket entry number.

Currency came from funds they received in a legal settlement check for $127,454.74 in August 2000, and that they deposited the check into their bank account. The Claimants were evasive, during their testimony, about details concerning the banking information, dates and transactions. Two of the Claimants provided incomplete copies of bank records that did not show the deposit and disbursement of the legal settlement checks. Nor did the records link the settlement checks to their alleged portion of the Defendant Currency. One of the Claimants failed to bring any bank records, incomplete or not. The Claimants also failed to bring to the deposition, most of the other items requested in their Notice of Deposition. At no time, did the Claimants object to the production of any requested items under Fed.R.Civ.P. 34(b).

The Court observed at the hearing that the Claimants should have every desire to provide the United States with the requested items, or at least identify where to find such records, since such records would support their claim that the Defendant Currency came from legitimate sources. The Court instructed the undersigned that if the Claimants failed to produce items to which the United States was entitled in discovery, to outline the outstanding discovery items in a letter to the other side. If the two sides could not work it out, the Court instructed the undersigned to promptly bring it to the court's attention. The Court granted the

government's motion for continuance to afford it sufficient time to obtain and review relevant bank and tax records. The Court set the final pretrial conference date for September 5, 2006 (see Minute Entry for 5/12/06 on docket sheet).

On the same date of the hearing, the undersigned received a package of documents from Mr. Fourt, which he identified as supplemental discovery. The package contained commingled documents for three Claimants without a list identifying the document, the discovery request to which it applied, or the claimant to which it related. More importantly, the documents did not provide any information linking the legal settlement checks to the source of Defendant Currency, or any information about the disbursement of the legal settlement checks.

On May 30, 2006, pursuant to the court's suggestion, the undersigned sent a letter to Claimants outlining either the items that still had not been provided, or requesting the Claimants to confirm that the information and records provided were all they could identify or produce (attached as Exhibit "A"). In the letter, the undersigned asked the Claimants to state whether it was their position that they could not produce any other records that would demonstrate what happened to their settlement checks, and documents that would connect the Defendant Currency to the funds from the settlement check. If they could not, the United

4

States requested that they at least describe what documents supported their claim, and their location. Mr. Fourt was also advised that the undersigned had discovered, through the bank and IRS records it had obtained, that Claimants held accounts at other banks not disclosed during the depositions. The Claimants had indicated during the depositions that the banks covered by their authorization forms were the only banks at which they held accounts during the relevant periods. The undersigned requested in the letter that the Claimants execute and return bank authorization forms for the undisclosed banks within seven days.

On June 14, 2006, Mr. Fourt delivered a letter to the undersigned attorney stating that his clients have produced all the tangible documents in their possession (attached as Exhibit "B"). He stated, in sum, that the undersigned had everything she needed to obtain the requested records. Mr. Fourt identified one bank that had not previously been disclosed in connection with accounts held by one of the Claimants (Julissa Trevino) and provided an authorization for the release of those records. However, by the time that authorization was received, the United States had already issued a subpoena for those records, and the bank had presumably notified the claimant.

Additionally, Mr. Fourt indicated in his letter that claimants Esteban Martinez Jr. and Esteban Martinez Sr. had already disclosed all the banks at

which they held accounts. No new authorizations were executed for those individuals even though the undersigned had advised in her letter that records reflected these individuals had not disclosed all of their banks–contrary, to what they represented at the depositions. Mr. Fourt merely provided another authorization for the same banks covered by the earlier authorizations.[2]

Meanwhile, the undersigned has gone through a "wild goose chase" in researching the Claimant's claims without the benefit of information in their possession that would have streamlined the process and narrowed the focus. The undersigned promptly issued subpoenas to newly identified banks, discovered through bank and IRS records, without the benefit of authorizations by the Claimants, and still awaits the return of those records. The undersigned has received most of the IRS records and bank records covered by the Claimants' initial authorizations.

On June 15, 2006, Mr. Fourt sent an email demanding that,

---

[2] In an email the day before, June 13, 2006, Mr. Fourt stated that he had obtained "new" bank authorizations from Esteban, Jr. and Julissa Trevino and he would hand deliver those with his response to my May 30, 2006 letter. However, as noted above the only new bank authorization subsequently delivered pertained to a bank regarding Trevino. Mr. Fourt also stated he anticipated another hearing before Judge Hanen, and that he was taking a cruise on July 15-21 and would be unavailable for any hearing. He stated he would like to confer with the court regarding a hearing date. He did not explain why he anticipated a hearing, or what he thought it would be about (see Exhibit "C").

within seven days, the undersigned send him and Oscar DeLaFuente (attorney for Claimant Omar Martinez) copies of all the Claimants' bank and tax records she has obtained. He stated: "[P]lease consider this email a formal request for production of those records . And since 7 days seems to be standard in your office, I will expect them by next thurs. . ." (attached as Exhibit "D"). Mr. Fourt did not follow up his email with any signed request for production of documents. *See* Fed.R.Civ. P. 26(g)(2).[3]

The undersigned replied by email stating that any demand for production of records exceeded the court's April 7, 2006, deadline for discovery, and that she opposed extending the deadline for completion of discovery at this late date. The undersigned reiterated that her May 30 letter covered outstanding discovery that had been requested prior to the court's April 7 deadline[4] and was the subject of the May 12 hearing on the government's motion to compel (attached as Exhibit "D"). Mr. Fourt simply sent a reply email as follows: "whatever. see you in court.

---

[3] To date, Mr. Fourt has served a written request for production and inspection of the Defendant Currency (which is no longer available since it was deposited in a bank in return for a cashier's check), and notices to depose law enforcement witnesses. The depositions were taken, by agreement, after the deadline by the scheduling order. There is no outstanding production due from the United States in response to a timely discovery request.

[4] The Court entered a Scheduling Order setting April 7, 2006, as the deadline for completion of discovery. The court advised that counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the Court (DE # 31).

thanks paul" (attached as Exhibit "D").

On June 20, 2006, the undersigned received notice of an electronic filing: a Motion for Order Compelling Discovery by Claimants Esteban Martinez Sr., Esteban Martinez Jr., and Julissa Trevino (DE # 42). In the motion, the Claimants contended they "should" be entitled to copies of all bank records and tax records that the government obtained through the authorizations they provided at depositions. They argued that this Court has the authority to order the production of the requested documents pursuant to Fed. R. Civ. P. 26(e), and that the government's characterization of the Claimants' request as an extension of the discovery deadline is an attempt to subvert the intentions expressed by the Court at the May 12 hearing. They contended that they are entitled to appropriate sanctions under Fed.R.Civ. P. 30(d) (DE # 42).

## II. Argument

The Claimants argue that pursuant to Fed.R.Civ.P. 26(e), the government is required to provide them with copies of all bank records and IRS records it has obtained through authorizations they executed at the depositions. Rule 26(e) has no application to the Claimants' request since the Claimants' refer to their own response to discovery. Rule 26(e) provides that a party who has made a disclosure, or responded to a request for discovery, has the duty to supplement or correct the

disclosure to include information thereafter acquired if ordered by the Court, or under certain other conditions delineated in subsections (1) and (2). In other words, the responding party to a discovery request has a voluntary and continuing duty to supplement its previous responses and disclosures under the circumstances set forth in Rule 26(e)(1) and (2).

The government in its discovery request (Notices of Deposition) requested that Claimants produce copies of their bank records and tax records, as well as, the records that showed the source of the Defendant Currency; or execute authorizations for the release of such records if they could not produce the records. Because of the Claimants' dilatory tactics and evasiveness (as explained in the government's motion to compel, DE # 37), the United States has undergone greater time and expense than necessary to obtain and analyze evidence through the discovery process. Now, to add insult to injury, the Claimants request the Court to compel the United States to make them copies of all the records it has obtained from their banks and the IRS – at the government's expense, under the pretext of Rule 26(e).

In addition, the Claimants have filed a motion to compel on the basis of an email request that is unsupported by any signed request, much less any legal authority. Rule 26(g) states that any request for discovery shall be signed by at

least one attorney of record in the attorney's name. The signature certifies that to the best of the attorney's knowledge and belief, formed after a reasonable inquiry, the request is consistent with the rules and warranted by existing law or a good faith argument for the extension or modification of existing law; and not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation; and is not unreasonable, unduly burdensome, or expensive.

Here, the Claimants argue that the government *should* provide them copies of the records since they executed authorizations for such records at their depositions; and that they are entitled to sanctions under Fed.R.Civ.P. 30(d). The Claimants do not cite any legal authority, or explain how Rule 30 imposes such an obligation on the United States. The bank and IRS records they request were obviously not used at the depositions as an exhibit, or to question the Claimants, since the records had not yet been obtained.

Under Rule 30(d)(3), the sanctions provision upon which the Claimants rely, if the Court finds that any conduct has delayed or frustrated the fair examination of a deponent, it may impose upon the person responsibile, reasonable costs and attorney's fees. As explained in the government's motion to compel (DE # 37), the Claimants' conduct at the depositions (evasiveness, lack of

candor, and failure to make a good faith effort to produce requested documents for use in questioning) frustrated the undersigned's fair examination of them. If anyone is subject to sanctions under Rule 30(d), it is the Claimants. On the other hand, the Claimants' instant request for documents does not fall under Rule 30, much less, call for sanctions under that Rule.

Rule 34 of the Federal Rules of Civil Procedure provides that a party may request the other party to produce for inspection and copy any documents which are in the possession, custody or control of the other party (assuming it is within the discovery deadline set by the Court). The request shall set forth the category of items to be inspected and specify a reasonable time, place and manner of inspection and/or copying. The party upon whom the request is served has 30 days in which to serve a written response and/or objection. Under Rule 34, the requesting party bears the expense of obtaining copies of the records.

In this case, even if the Claimants had made their request within the discovery deadline, which they have not, they have control over the documents they request. As stated above, the government requested production of the documents from the Claimants in the first place; and has expended significant time and expense (largely because of Claimants' dilatory conduct) in obtaining the records. If the Claimants had a genuine interest in obtaining copies of all bank

and tax records produced to the United States they could have easily made arrangements to obtain them from the IRS and banks when the initial authorizations were executed on Apriul 6 and 7, 2006 – at their own expense. They can still do so, rather than impose the burden on us. A spot check with the banks that produced records pursuant to the government's subpoena confirmed that the banks either kept one set of copies, or a list, of all the produced records. Claimants also have the ability to request copies of their tax returns and schedules from IRS.

Notwithstanding the above, the Claimants are requesting the Court to compel the government to bear the expense of making and producing the copies, within a deadline of seven days, and face sanctions should it fail to do so. The bank records the government has obtained to date are voluminous (over 2000 pages). The government also continues to receive records from banks on outstanding subpoenas. The Claimants' demand would require the undersigned to organize, separate and categorize, bate stamp, copy and ship over 2000 pages of documents–all at the government's time and expense – and all within 7 days. Under the Claimants' demand, the government would also have the continuing obligation to undergo the same procedure for any documents received in the future.

Additionally, even if Mr. Fourt's email could qualify as a signed request under Rule 34, that is not barred by the discovery deadline, the party upon whom the request is made has 30 days in which to file a signed written response, including lodging any objections. Fed.R.Civ. P. 34(b). Here, Mr. Fourt filed an out-of-time demand for the United States to produce documents, shortened the time the government would otherwise have under the Rules to respond without Court approval, and then asked for sanctions for the government's failure to do so. When the undersigned emailed her position, Mr. Fourt did not, thereafter, serve a signed request; nor did he elaborate or explain his position. He simply replied "whatever. see you in court" (*See* Exhibit "D").

## III. <u>CONCLUSION</u>

Claimants' Motion for Order Compelling Discovery is unwarranted, groundless, contravenes the procedures set forth in the Federal Rules of Civil Procedure, and appears to be brought in bad faith. If the undersigned decides to use part, or all, of the bank and tax records at trial, she will identify the exhibits she plans to use according to the requirements set forth in Fed.R.Civ. P. 26(a)(3). As the trial date approaches, the undersigned will need to expend her time preparing for trial, not preparing responses to untimely discovery requests.

The undersigned previously sent an email to the Court's case manager

notifying her that the undersigned would be on vacation from June 23 through July 2, 2006, should any matter arise in the above entitled case.

        Respectfully submitted,

        DONALD J. DEGABRIELLE, JR.
        United States Attorney

        KATHERINE L. HADEN
        Attorney-in-Charge
        Texas Bar No. 08677500
        Assistant U.S. Attorney
        910 Travis, Suite 1500
        P.O. Box 61129
        Houston, Texas 77208
        Phone: 713-567-9365
        Facsimile: 713-718-3404

## CERTIFICATE OF SERVICE

I, Katherine L. Haden, Assistant United States Attorney, do hereby certify that a true and correct copy of the above and foregoing has been served on counsel of record via both Certified Mail, Return Receipt Requested, and facsimile, on June 22, 2006, addressed to:

Paul Fourt, Jr.
Attorney at Law
1000 E. Van Buren
Brownsville, Texas, 78550
Telephone: (965) 575-0109
Facsimile: (956) 574-0227
Attorney for Esteban Martinez Sr.,
Esteban Martinez Jr., and Julissa Trevino

Oscar De La Fuente, Jr.
Rio Grande Law Center
501 E. Tyler
Harlingen, Texas 78550
Telephone: (956) 425-5297
Facsimile: (956) 425-1844
Attorney for Omar Martinez

_____
Katherine L. Haden
Assistant United States Attorney