| U.S. Department of Justice | Mailing Address: | Physical Location: |
|---|---|---|
| United States Attorney's Office | P.O. Box 61129 | (Not a mailing address) |
| Southern District of Texas | Houston, Texas 77208-1129 | 910 Travis Street # 1500 |
| | | Houston, Texas |
| | Phone (713) 567-9365 | Fax (713) 718-3404 |

May 30, 2006

Paul Fourt, Jr.
Attorney at Law
1000 E. Van Buren
Brownsville, Texas, 78550
Facsimile No. 956-574-0227

Re: *United States v. $155,895 United States Currency*, Civil Action No. B-04-015

Dear Mr. Fourt:

Pursuant to the court's request, this letter outlines items of discovery that have been requested from your clients Esteban Martinez, Jr., Julissa Trevino and Esteban Martinez Sr., that either have not been produced or are subject to further inquiry:

1. The Notices of Deposition to Esteban Martinez, Jr., Julissa Trevino and Esteban Martinez Sr. requested that they bring to the deposition all documents in support of their claims and/or defenses of this forfeiture action, including any and all records or documentation supporting their claim they own a portion of Defendant Currency and the source of the Defendant Currency (i.e. all bank records reflecting the deposit, receipt, transfer, negotiation of the source of Defendant Currency and any subsequent negotiation, withdrawal, disbursement or distribution).

As discussed at the May 12 hearing on the Government's Motion to Compel Discovery, your clients have knowledge of the transactions that they allege to support their claims/defenses. They claim that the source of the Defendant Currency is a legal settlement check for $129,454.74, and have provided a copy of an invoice from Lyons & Rhodes P.C. for a net check amount of $129,454.74 on 8/18/00 in connection with their settlement share. Julissa Trevino and Esteban Martinez Jr. have also provided incomplete copies of bank records relating to

Exhibit A

certificates of deposits but have not provided any information as to how the certificates of deposit were derived from a settlement check.

Is it their position that they cannot produce any records that would demonstrate what happened to the settlement check, or documents that would connect the certificates of deposit to the amount they received from the settlement check? If so, the government requests that Esteban Martinez Jr. and Julissa Trevino: (a) identify and describe the documents that would evidence what they did with their settlement check, that their settlement check is the source of funds used to purchase the certificates of deposit, and the complete history and disbursement of their settlement check and certificates of deposit; and (b) disclose the present or prior location of such records, including the name and address of the person or entity that possesses (or previously possessed) such records, and if applicable, any account numbers. The United States requests that claimants produce this information within 7 days after receiving this letter.

2. All items requested in the Notices of Deposition, Nos. 2, 3, 6, 7, 8, 9 and 10. The United States requests that the claimants produce any outstanding items covered by the above requests within 7 days after receiving this letter.

3. Your clients have not produced copies of bank records in response to Nos. 3, 6, 8, 9, other than incomplete bank records relating to certificates of deposits as previously mentioned. Is it your clients' position that they cannot produce copies of any relevant bank records? They executed authorizations for release of financial records from Texas State Bank (Esteban Martinez Sr.), Bank of Belle Glade (Esteban Martinez Jr.), and First Union/ Wachovia Bank (Julissa Trevino). Your clients testified that the above are the only banks at which they held accounts during the relevant periods (other than a later account opened under Juanita Martinez's name at Bank of America). IRS and bank records indicate there may be accounts at other banks. Please have your clients execute the attached bank authorization form and return to us within 7 days.

4. In your April 7, 2006, email to me, you listed items of discovery your clients would produce in response to the requests for production in the Notices of Deposition. Prior to the May 12 hearing, you delivered a package of commingled documents without identifying or describing the document, or the discovery request and claimant to which it relates. In order to confirm whether discovery requests have been satisfied with respect to each claimant, please identify and describe the above documents and designate the discovery request and claimant

to which they relate. Also, many of the copies you provided are illegible. (I have attached pages as an example). Please deliver legible copies of each document in your May 12 production. Please verify whether the produced items are all the records the claimants have on the requested categories of discovery. The United States requests that the claimants provide this information within 7 days after receiving this letter.

Sincerely,

KATHERINE L. HADEN
Assistant United States Attorney
P.O. Box 61129
Houston, Texas 77208
Telephone: (713) 567-9365
Facsimile: (713) 718-3404

cc: Oscar De La Fuente, Jr.
Attorney for Omar Martinez

# PAUL L. FOURT, JR.
## ATTORNEY AT LAW

---

**D.J. LERMA BUILDING**  
**1000 E. VAN BUREN**  
**BROWNSVILLE, TX 78520**

O-956-574-0109  
F-956-574-0227  
**pfourt@msn.com**

June 13, 2006

Katherine Haden  
910 Travis Street #1500  
Houston Texas 77208  
fax-713-718-3404

    **RE:** Civil Action No. B-04-015

Dear Katherine:

In response to your letter of May 30, 2006, please find the following responses:

1. My clients have produced all the tangible documents in their possession. There may be more documents held in the bank archives, but my clients don't have them to produce. You have a bank authorization signed by my clients, together with their sworn testimony. This allows you to obtain whatever records you think will help your case. **Esteban Sr.** has only used Texas State Bank and you have that signed authorization. **Julissa Trevino** has signed the waiver for the bank in Florida where she deposited the money. She has another account with her husband at Texas State Bank, and an authorization is included with this correspondence. Esteban Jr. has signed an authorization for Bank of Belle Glade/Wachovia. He has another account with his wife at bank of America of America, and an authorization is included with this correspondence. In the abundance of caution, I submit a new authorizations for Bank of Belle Glade and Wachovia, individually.

2. My clients have signed a complete IRS release form. This allows you to obtain whatever IRS records you think will help your case. (Depo request 2).

3. Again, my clients have produced all the tangible documents in their possession. There may be more documents held in the bank archives, but my clients don't have them to produce. You have a bank authorization signed by my clients together with their sworn testimony. This allows you to obtain whatever records you think will help your case. (Depo request 3)

4. This was a cash transaction between family members, as you know from the depo testimony. So the documents requested in number 4 does not exist. (Depo request 4).

5. This was a cash transaction between family members, as you know from the depo

Exhibit B

testimony. So the documents requested in number 5 does not exist. (Depo request 5).

6. My clients have produced all the tangible documents in their possession. There may be more documents held in the bank archives, but my clients don't have them to produce. You have a bank authorization signed by my clients together with their sworn testimony. This allows you to obtain whatever records you think will help your case. (Depo request 6).

7. My clients do not have copies of household (phone, utilities, cable or credit cards) bills from Jan. 1, 2002 through Aug. 31, 2003. (Depo request 7).

8. My clients do not have copies of checks, ledgers or money orders that were used to pay bills from Jan. 1, 2002 through Aug. 31, 2003. To the extent a bank account was used, those records are available to the government through the bank authorizations signed by my clients. (Depo request 8).

9. My clients have produced all the tangible documents in their possession. There may be more documents held in the bank archives, but my clients don't have them to produce. You have a bank authorization signed by my clients together with their sworn testimony. This allows you to obtain whatever records you think will help your case. (Depo request 9).

10. My clients have signed a complete IRS release form. This allows you to obtain whatever IRS records you think will help your case. My clients are not claiming any additional income other than what was disclosed to the IRS. Documents have been provided to the government regarding the wrongful death lawsuit. (Depo request 2)

11. At this time, I don't know of any additional banks where the lawsuit money was deposited. If you know of a bank name and would like an authorization for that bank, please send me the name and location and will have my clients sign a release. (Letter request 3).

12. I attach a copy of my email of April 7, 2006. Nowhere in that email does it say my clients "would produce" those documents. You requested those documents, and in turn, I made that request to my clients. To the extent those documents exist and were located, they have been produced. My discovery production of May 12, 2006 was responsive to your request as stated in my email. I will supplement that request if needed. As to the Spouse records and authorizations, they are not my clients and are not party to the suit, therefore my clients have no obligation to produce these records.

13. Please find the fax copy of the real estate business card for the Broker used by my clients.

14. I have reviewed your answers to Oscar's interrogatories. They are not complete. Please answer the questions.

Sincerely,

Paul L. Fourt, Jr.

----- Original Message -----
From: Haden, Katherine (USATXS)
To: PAUL FOURT
Sent: Tuesday, June 13, 2006 4:53 PM
Subject: RE: Email for Motion to Compel Exhibit

Thanks

---

From: PAUL FOURT [mailto:pfourt@msn.com]
Sent: Tuesday, June 13, 2006 3:18 PM
To: Haden, Katherine (USATXS)
Subject: Email for Motion to Compel Exhibit

Hi, I was able to get you some new bank authorizations from Esteban Jr. and Julissa. I also got a copy of the real estate agents card.....I will hand delivery them with a response to your May 30, 2006 letter. Thanks Paul


Paul L. Fourt, Jr.
Attorney at Law
D. J. LERMA BUILDING
1000 E. Van Buren
Brownsville, TX 78520
965-574-0109
Fx- 956-574-0227
Cell-956-545-7042
THE INFORMATION CONTAINED IN THIS EMAIL MESSAGE IS ATTORNEY/CLIENT PRIVILEGE AND CONFIDENTIAL INFORMATION

Exhibit C

6/22/2006

**Haden, Katherine (USATXS)**

**From:** PAUL FOURT [pfourt@msn.com]
**Sent:** Saturday, June 17, 2006 7:15 PM
**To:** Haden, Katherine (USATXS)
**Subject:** Re: Email for Motion to Compel Exhibit

whatever. see you in court. thanks paul

> ----- Original Message -----
> **From:** Haden, Katherine (USATXS)
> **To:** PAUL FOURT
> **Sent:** Friday, June 16, 2006 3:33 PM
> **Subject:** RE: Email for Motion to Compel Exhibit
>
> In response to your formal request for production of documents, I respectfully cannot agree to extending the court's discovery deadline of April 7, 2006, at this late date, as we are approaching the trial date. My May 30 letter requesting outstanding discovery within 7 days was written pursuant to the court's suggestion at the May 12 hearing on the government's Motion to Compel Discovery. The discovery requests, covered by the letter, were made within the court's discovery deadline.
>
> **From:** PAUL FOURT [mailto:pfourt@msn.com]
> **Sent:** Thursday, June 15, 2006 10:13 AM
> **To:** Haden, Katherine (USATXS)
> **Subject:** Re: Email for Motion to Compel Exhibit
>
> Could you please get me and Oscar copies of all the bank and Tax records you are requesting. Im sure you already have some, so please consider this email a formal request for production of those records. And since 7 days seems to be the standard in your office, I will expect them by next thurs.....thanks paul
>
>> ----- Original Message -----
>> **From:** Haden, Katherine (USATXS)
>> **To:** PAUL FOURT
>> **Sent:** Wednesday, June 14, 2006 12:54 PM
>> **Subject:** RE: Email for Motion to Compel Exhibit
>>
>> As attorney-in-charge, I request that you continue mailing all original correspondence and/or filings to my Houston address, and copies (if not too long) send by facsimile to: 713-718-3404--unless we both agree otherwise. Thanks.
>>
>>> **From:** PAUL FOURT [mailto:pfourt@msn.com]
>>> **Sent:** Tuesday, June 13, 2006 5:12 PM
>>> **To:** Haden, Katherine (USATXS)
>>> **Subject:** Re: Email for Motion to Compel Exhibit
>>>
>>> OK no problem, I already dropped them off, but I will fax you a copy. Also, I anticipate another hearing before Judge Hanen. Please be advised I am booked to take a cruise with my children out of Galveston on July 15-21 and will not be available for a hearing. If possible, I would like to try and confer with the court on a hearing date....Thanks Paul

Exhibit D

6/22/2006