UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>$155,895.00 UNITED STATES CURRENCY<br>Defendant. | §<br>§<br>§  CIVIL ACTION NO. B-04-015<br>§<br>§<br>§<br>§<br>§ |

### PLAINTIFF'S OBJECTIONS TO CLAIMANT OMAR MARTINEZ'S REQUESTED VOIR DIRE QUESTIONS 10 AND 13

The Plaintiff United States objects to Claimant Omar Martinez's requested voir dire questions 10 and 13 as set forth below.

In Claimant's proposed voir dire questions 10 and 13, he requests the jury panel be questioned as follows:

> 10. "Does anyone believe it's wrong to carry large amounts of cash or currency?

> 13. Do you have any bias against or are you suspicious of a person who makes or intends to make large purchases with cash?

The United States objects to the above questions since they misapply the controlling law, or are at a minimum, misleading. Carrying a large amount of cash, and conducting business with large amounts of cash, are factors that the jury can consider as probative evidence that shows seized currency is linked or traceable to an unlawful drug transaction. *United States v. $117,920.00,* 413 F.3d 826, 829 (8th

Cir. 2005)(Possession of large amount of cash is "strong evidence"); *United States v. $242,484.00*, 389 F.3d 1149, 1161 (11th Cir. 2004)("A common sense reality of everyday life is that legitimate businesses do not transport large quantities of cash . . . because it is highly risky. . . Legitimate businesses wire cash between bank accounts or they convert large amounts of cash into cashier's checks." Those who deal in unlawful drug proceeds want to avoid wiring large sums of money because it generates a currency transaction report); *United States v. $42,500.00*, 283 F.3d 977, 981 (9th Cir. 2002)("We have previously held that possession of a large amount of cash 'is strong evidence that the money was furnished or intended to be furnished in return for drugs'").

Accordingly, the jury <u>can</u> consider such activity as suspicious, and should not be made to believe they cannot or should not consider such factors if they are chosen to serve on the jury in this case.

Respectfully submitted,

DONALD J. DeGABRIELLE, JR.
United States Attorney

KATHERINE L. HADEN
Attorney-in-Charge
Texas Bar No. 08677500
Assistant United States Attorney
P.O. Box 61129
Houston, Texas 77208
Phone: 713-567-9365
Facsimile: 713-718-3404

## CERTIFICATE OF SERVICE

I, Katherine L. Haden, Assistant United States Attorney, do hereby certify that a true and correct copy of the above and foregoing has been served on counsel of record via Certified Mail, Return Receipt Requested on August 28, 2006, addressed to:

Attorneys for Claimants

Mr. Oscar De La Fuente, Jr.
Rio Grande Law Center
501 E. Tyler
Harlingen, Texas 78550
Telephone: (956) 425-5297
Facsimile: (956) 425-1844

Mr. Paul Fourt
1000 E. Van Buren
Brownsville, Texas 78520
Telephone: (965) 574-0109
Facsimile: (956) 574-0227

_Katherine L. Haden_
Katherine L. Haden
Assistant United States Attorney