UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. B-04-015 |
| v. § | |
| § | |
| § | |
| $155,895 UNITED STATES CURRENCY § | |
| Defendant. | |

## PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

1. Does any member of the jury panel know Claimants Omar Martinez, Esteban Martinez Sr., Esteban Martinez Jr., or Julissa Trevino. Does anyone know Omar Martinez's wife, Mayra Martinez?

If any panel member responds in the affirmative:

    a. Who is it that you know?

    a. How did you come to know _____?

    b. How long have you known him/her?

    c. What was/is your relationship with him/her?

    d. Have you or any member of your family ever been a visitor in his/her home?

    e. Has he/she ever been a visitor in your home?

ATTACHMENT C

2. Does any person on the jury panel know either of the attorneys for the Claimants, Mr. Oscar DeLaFuente or Mr. Paul Fourt, or anyone associated with either of their law firms?

If any panel member responds in the affirmative:

    a. Who is it that you know?

    b. How did you come to know _____?

    c. How long have you known him/her?

    c. What is your relationship with _____?

    d. Have you or any member of your family ever been a visitor in his home?

    e. Has he ever been a visitor in your home?

3. Does any person on the jury panel know any of the potential witnesses? Name the potential witnesses for the United States and Claimants?

If any panel member responds in the affirmative:

    a. How did you come to know him or her?

    b. How long have you known him or her?

    c. What is your relationship with him or her?

    d. Have you or any member of your family ever been a visitor in his or her home?

    e. Has he ever been a visitor in your home?

4. Does any member of the jury have a relative or close friend who has worked for a criminal defense law firm or civil/criminal investigator?

5. Has any person on the jury panel ever been arrested or investigated for a drug offense? If so would you please raise your hand?

(Questions proposed to be asked at the bench)

(a) What were you investigated or arrested for?

(b) Describe the circumstances and the disposition?

(c) Will that experience affect or influence your ability to fairly and impartially consider the evidence in this case which involves allegations of unlawful drug offenses?

6. Has any person on the jury panel ever been investigated or arrested for any other criminal violation? If so, would you please raise your hand?

(Questions proposed to be asked at the bench)

(a) What were you investigated, arrested or prosecuted for?

(b) What happened in your case?

(c) Will that experience affect or influence your ability to fairly and impartially consider the evidence in this case which involves allegations of criminal violations?

7. Has anyone on the jury panel ever had a relative or close friend who was investigated or arrested for a drug offense or another criminal violation? If so

would you please raise your hand? (Questions proposed to be asked at the bench)

    a.    You indicated that you had a close friend or relative arrested for a drug offense or other criminal violation, who was that?

    b.    What is your relationship to that person?

    c.    What were they charged with?

    d.    What happened in that case? (If not understood follow with: In every criminal case, only a few things can happen. Charges can be dismissed, the defendant can plead guilty, the defendant can go to trial and be convicted, or the defendant can go to trial and be acquitted. Which of these things happened in their case?)

    (e)    Is there anything about what occurred in that case that would affect or influence your ability to fairly and impartially consider the evidence in this case which involves allegations of drug violations?

8.    Have you, any members of your family, or any close friends ever had any property seized or forfeited, or any property attempted to be seized or forfeited, by the United States or by any state or local government?

If any panel member responds in the affirmative:

    a.    What was the reason for the seizure or forfeiture?

    b.    What was your involvement in that case?

    c.    Is there anything about what occurred in that case that would affect or

influence your ability to fairly and impartially consider the evidence in this forfeiture case involving the seizure of currency that is believed to be drug proceeds?

9. Have you or any family member ever been involved in any litigation, or other matter involving the United States of America, or any agency or department of the United States? If so, describe the nature and outcome of the litigation or matter? Was the experience a negative one?

10. Has any person on the jury panel ever been involved in a criminal or civil lawsuit (other than a divorce case), as a witness, victim, defendant or juror? If any panel member responds in the affirmative:

   a. Describe the type of case and involvement?

   b. If served as a juror, where did that service occur and did the jury reach a disposition of the case?

   c. Is there anything about that experience that would affect or influence your ability to fairly and impartially consider the evidence in this forfeiture case?

11. Does any person on the panel have a problem with the laws which allow for the forfeiture of property connected to a crime?

12. This is a civil case in which the United States' burden of proof for showing that property is subject to forfeiture is only by a preponderance of the evidence, that is, more likely so that not so. Does anyone think that this is unfair or that the

burden to forfeit property should be higher, like proof beyond a reasonable doubt? If any panel member responds in the affirmative:

    a.    Is your opinion such that it might influence your ability to follow the instructions given to you by the Court?

13. The court will instruct you that to meet its burden of proof, the United States can rely on indirect evidence and that it is not necessary that the United States directly trace seized currency to a specific illegal drug transaction. Does anyone think that you should have direct evidence, such as eye witness testimony, that seized currency was exchanged for an unlawful drug, or was furnished to facilitate an unlawful drug transaction, before the currency should be subject to forfeiture? If any panel member responds in the affirmative:

    a.    Is your opinion such that it might influence your ability to follow the instructions given to you by the Court?

14. The court will instruct you that you can consider certain circumstances as proof that seized currency was exchanged for unlawful drugs, is traceable to an exchange for unlawful drugs, or was used to facilitate an unlawful drug transaction. Such factors could include:

    A claimant's prior connection to unlawful drug activities;
    Possession of a large quantity of currency;
    Possession of a large amount of currency in smaller denominations;
    Method of packaging;
    Concealment of currency;

> Method and direction of travel by person possessing the currency;
> The alert or non-alert of a drug detector dog;
> Whether Claimant provided true, consistent or believable statements about the currency's presence and movement;
> Claimant's nervousness when encountered by law enforcement;
> The income of the person or persons claiming the currency;

Is there anyone who would have difficulty considering any one of these factors as proof that currency is linked to an unlawful drug transaction?

If any panel member responds in the affirmative:

    a. Is your opinion such that it might influence your ability to follow the instructions given to you by the Court?

15. Have you or any relative or close friend had a negative experience with a law enforcement officer with a local, state or federal government agency? (Questions proposed to be asked at the bench)

    a. Describe the experience and when it occurred.

    b. Does that experience cause you to generally distrust law enforcement officers?

    c. Because of the experience, would you scrutinize a police officers testimony more than other testimony, or would you tend not to believe a law enforcement officer's testimony.

16. Do you have any beliefs about law enforcement officers, about the way they do their jobs, or about the way they interact with the community, or with any

neighborhoods or groups within the community, that might affect your ability to be a fair and impartial juror in this case?

17. Is there anyone who believes that the government should legalize the use and or sale of marijuana or any other narcotics?

18. Do you have any reason, not covered, that might prevent you from rendering a verdict which is completely fair and objective to both the United States and the Claimants in this case?

Respectfully submitted,

DONALD J. DeGABRIELLE, JR.
United States Attorney

*Katherine L. Haden*
KATHERINE L. HADEN
Texas Bar No. 08677500
Assistant U.S. Attorney
Attorney-In-Charge
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208
Phone: 713-567-9365
Facsimile: 713-718-3300

## CERTIFICATE OF SERVICE

I, Katherine L. Haden, Assistant United States Attorney, do hereby certify that a true and correct copy of the above and foregoing has been served on counsel of record via Certified Mail, Return Receipt Requested, on August 28, 2006, addressed to:

Attorneys for Claimants

Mr. Oscar De La Fuente, Jr.
Rio Grande Law Center
501 E. Tyler
Harlingen, Texas 78550
Telephone: (956) 425-5297
Facsimile: (956) 425-1844

Mr. Paul Fourt
1000 E. Van Buren
Brownsville, Texas 78520
Telephone: (965) 574-0109
Facsimile: (956) 574-0227

_____
Katherine L. Haden
Assistant United States Attorney