UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-04-015 |
| v. | § | |
| | § | |
| | § | |
| $155,895 UNITED STATES CURRENCY | § | |
| Defendant. | | |

## PLAINTIFF'S PROPOSED CHARGE TO THE JURY AND VERDICT FORM

### Opening instructions

1. MEMBERS OF THE JURY:

We are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you need to have to understand your duties as jurors.

Authority: 2 Devitt and Blackmar, Federal Jury Practice and Instructions, § 70.01 (3rd ed. 1977).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

2.    The party who brings a lawsuit is called the plaintiff. In this case, the plaintiff is the United States of America.

The Defendant in this case is one hundred fifty five thousand and eight hundred ninety five dollars ($155,895.00) in United States currency which, for simplicity, I will refer to as "the Defendant Currency." In the law, this is called an action in rem. It is an action brought against property.

ATTACHMENT D

Authority:  2 Devitt and Blackmar, Federal Jury Practice and Instructions, § 70.01 (3rd Ed. 1977); *Calero-toledo V. Pearson Yacht Leasing Co.*, 416 U.s. 633, 680-84 (1974).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

3.      Plaintiff, the United States, is seeking the forfeiture of the Defendant Currency under Title 21 of the United States Code, which states that all money that is exchanged for a controlled substance in violation of the Controlled Substances Act, or was used or intended to be used to facilitate a violation of the Controlled Substances Act shall be subject to forfeiture, and no property right shall exist in such money.

It is a violation of the Controlled Substances Act to possess, distribute or manufacture a controlled substance, or to conspire with another to possess, distribute or manufacture a controlled substance.

Authority:  2 Devitt and Blackmar, Federal Jury Practice and Instructions, § 70.01 (3rd Ed. 1977); 21 U.s.c. §§ 841(a)(1), 844, 846, 881(a)(6).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

4. Claimants Omar Martinez, Esteban Martinez Sr., Esteban Martinez Sr., and Julissa Trevino have filed a claim to the Defendant Currency, stating they are the owners of the Defendant Currency.  They deny Plaintiff's charges concerning the Defendant Currency.

Authority:  2 Devitt and Blackmar, Federal Jury Practice and Instructions, § 70.01 (3rd Ed. 1977).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

5.     The case will proceed in the following order:

First, the plaintiff may make an opening statement outlining what it expects its evidence will be. The claimants may make an opening statement outlining their case immediately after the plaintiff's opening statement, or they may wait and make an opening statement after the conclusion of the plaintiff's case. Neither party is required to make an opening statement.

What is said in an opening statement by either side is not evidence, but is intended to provide you with an introduction to the evidence each side expects to produce.

Next, the plaintiff will introduce evidence in support of its case. At the conclusion of the plaintiff's case, the claimants may introduce evidence. The claimants, however, are not obliged to introduce any evidence or to call any witnesses. If the claimants introduce evidence, the plaintiff may then introduce rebuttal evidence.

Next the parties will present closing arguments setting out what they feel the evidence has shown and what inferences they feel you should draw from the evidence. What is said in closing argument is not evidence. The plaintiff has the right to open and to close the arguments.

Next, I will instruct you on the law which you must apply in reaching your verdict.

Authority: 2 Devitt and Blackmar, Federal Jury Practice and Instructions, § 70.02 (3rd Ed. 1977).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

6.   Before the trial of this case, the parties may have entered into certain stipulations, or agreements, that they agree that certain facts would be accepted as true without further proof. Facts which have been agreed on by the parties do not need to be proven and you, the jury, must accept those facts as true. This is because the jury's purpose and function is to resolve the questions of fact about which the parties do not agree.

Authority: 2 Devitt and Blackmar, Federal Jury Practice and Instructions, § 70.04 (3rd Ed. 1977).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

7.    In a jury trial, there are two kinds of judges. You are the judges of the facts. It is your job to determine the facts from the testimony that you hear and the other evidence that is presented concerning those facts about which the parties disagree. You are the sole and exclusive judges of the contested facts. I am the other judge in the case, the judge of the law. Questions regarding what the law is and how the various laws affect this case are questions for me to consider and decide. You are not to concern yourself with questions regarding the law and you must accept and apply the rules of law that I give you whether you agree with them or not.

The law permits the judge to comment on the evidence in the case during the trial or in instructing the jury. Such comments, if any, are only expressions of the judge's opinion as to the facts and the jury may disregard them entirely.

Authority: 2 Devitt and Blackmar, Federal Jury Practice and Instructions, § 70.05 (3rd Ed. 1977).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

8.    The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; all facts which may have been agreed upon or stipulated; and all the facts and events which may be judicially noticed by me. If I take judicial notice of a fact or an event, I will tell and you may accept that judicial notice as evidence and regard the fact or event as proved, but you are not required to do so.

Statements and arguments of the attorneys are not evidence.

Evidence to which an objection has been sustained or evidence ordered stricken must be disregarded and not considered.

Anything you may see or hear outside the courtroom is not evidence.

You are to consider only the evidence in the case. In considering that evidence, however, you may draw from that evidence such reasonable inferences you feel are justified in the light of reason and experience.

Authority:  2 Devitt and Blackmar, Federal Jury Practice and Instructions, §§ 11.11, 70.07 (3rd Ed. 1977).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

9.    During the course of the trial, I may ask questions of a witness in order to help bring out facts not fully covered in the testimony. Do not assume from such questions that I hold any opinion on the matter to which such questions relate.

Authority:  2 Devitt and Blackmar, Federal Jury Practice and Instructions, §§ 10.11, 70.13 (3rd Ed. 1977).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

10.    It is the duty of the attorney to make an objection when he or she believes the other side is committing an error. You should not be prejudiced against an attorney or against their client because he or she has made an objection.

It is the duty of the Court to rule on objections made by the attorneys. By allowing testimony or evidence to be introduced over the objection of an attorney, the court is not indicating any opinion as to the weight or the effect of that evidence. When the Court sustains an objection to a question addressed to a witness, the jury must disregard the question.

You are not to conclude from the rulings of the Court that it favors either

side of the case or otherwise attempt to draw any inference from the Court's rulings made in your presence.

Authority:  2 Devitt and Blackmar, Federal Jury Practice and Instructions, §§ 10.13, 70.15 (3rd Ed. 1977).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

11.   It is important that you obey the following instructions concerning your jury service.

Keep an open mind during the trial. Do not decide any fact until you have heard all the evidence, the closing arguments, and my instructions. Pay close attention to the testimony and evidence.

Until the trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss this case with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case – the parties, the witnesses, the attorneys, and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about this case from any other source. In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

Authority:  Fifth Circuit Pattern Jury Instructions, Civil § 1.1 (2006).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

## Final instructions

1. You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have an opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended to assist the jury in understanding the evidence and the parties' contentions.

Answer the question from the facts as you find them. Your answer and your verdict must be unanimous.

Authority:  Fifth Circuit Pattern Jury Instructions, Civil § 3.1 (2006).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

2.     You may have been told that Plaintiff and the Claimants agreed or stipulated to facts or that a certain witness, if called, would testify to specific events. You must take any facts agreed to as true. You are to consider any stipulated witness testimony to be the person's testimony just as if the witness were in Court and testifying here in court and give it the value you believe it deserves.

Authority:   Fifth Circuit Pattern Jury Instructions, Civil § 2.2 (2006); 2 Devitt and Blackmar, Federal Jury Practice and Instructions, § 71.09 (3rd Ed. 1977).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

3.      You are the sole judges of the credibility or "believability" of each witness that testifies and the weight to be given to his or her testimony. You may accept or reject the testimony of any witness in whole or in part. In weighing the testimony of a witness, you should consider their relationship to the Plaintiff or to the Claimant; their interest, if any, in the outcome of the case; their manner of testifying; their opportunity to observe or acquire knowledge concerning the facts about which they testified; their candor, fairness, and intelligence; and the extent to which they have been supported or contradicted by the other credible evidence.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

Authority:  Fifth Circuit Pattern Jury Instructions, Criminal §3.1 (2006); Committee on Pattern Jury Instructions, United States Fifth Circuit District Judges Association, Pattern Jury Instructions for Civil Cases, Basic Instruction 4 (1980).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

4.      In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time, the witness said or did something or failed to say or do something, that was different from the testimony he gave at the trial.

Authority: Fifth Circuit Pattern Jury Instructions, Criminal §2.16 (2006).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

5. In weighing the credibility of a witness, you may consider the fact that he has previously been convicted of a felony. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give his testimony.

Authority: Fifth Circuit Pattern Jury Instructions, Criminal §2.17 (2006).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

6.     When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - called an expert witness - is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on that opinion.

     In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from the evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Authority:  Fifth Circuit Pattern Jury Instructions, Criminal §3.1 (2006).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

7.     As I told you at the start of this trial, this is an in rem action against $155,895.00 in United States currency.  In rem is the legal term for legal proceedings directed against property.

Authority: *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 633, 680-84 (1974).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

8.    The Plaintiff United States charges that the Defendant Currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).  That law reads, as is pertinent to this case, as follows:

Section 881.  Forfeitures

(a) The following shall be subject to forfeiture to the United States and property right shall exist in them:

> (6)    All moneys or ... other things of value furnished or intended to be furnished by any person in exchange for a controlled substance ... in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to facilitate any violation of this subchapter.

Title 21, United States Code, Section 881(a)(6), which I just read, is found in Subchapter I of Title 21 of the United States Code, which is the Controlled Substances Act.  The Controlled Substances Act sets forth the laws which prohibit individuals from possessing, distributing or manufacturing a controlled substance, or from conspiring with another to possess, distribute or manufacture a controlled substance.

Marihuana, cocaine, heroin, and methamphetamine are all controlled substances under Title 21, of the United States Code.

To "distribute" means to transfer or to sell.

Taken together, these laws provide that money made from the sale of a controlled substance, such as marijuana, cocaine, or heroin, methamphetamine, or traceable to such a sale, is subject to forfeiture to the United States.

Authority:  Title 21, United States Code, §§ 802, 841(a)(1), 844, 846, 881(a)(6); 2 Devitt and Blackmar, Federal Jury Practice and Instructions, § 58.03 (3rd Ed. 1977); *United States V. Suarez*, 155 F.3d 521, 525 (5th Cir. 1998); Title 21, United States Code, § 812(c)(Schedule I(c)(10)(Marihuana) (Schedule Ii(a)(3)(Cocaine)(Schedule I(b)(12)(Heroin)

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

9.    In a forfeiture proceeding, the Plaintiff United States bears the initial burden of proof to show, by a preponderance of the evidence, that the Defendant Currency is subject to forfeiture as charged.

Authority:  Title 18, United States Code, § 983(c).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

10.   To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.

In determining whether any fact has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who called them, and all exhibits received into evidence, regardless of who may have produced them.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that you find have been established by the testimony and evidence in the case.

Authority:  Fifth Circuit Pattern Jury Instructions, Criminal §3.1 (2006); 2 Devitt and Blackmar, Federal Jury Practice and Instructions, § 71.14 (3rd Ed. 1977); 18 U.s.c. § 983(c)(1); *in re Briscoe Enterprises*, 992 F.2d 1160 (5th Cir. 1993).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

11.   There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence-such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Authority: Fifth Circuit Pattern Jury Instructions, Criminal §3.1 (2006).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

12.    To meet its burden of proof, it is not necessary that the Plaintiff United States directly trace the Defendant Currency ($155,895.00) to a specific illegal drug transaction. The United States may meet its burden of proof by circumstantial evidence that it is more likely than not that the Defendant Currency is traceable to illegal drug trafficking activities. In making that determination, the evidence is to be viewed as a totality.

Authority: *United States v. $30,670.00*, 403 F.3d 448 (7th Cir. 2005); *United States v. $242,484.00*, 389 F.3d 1149 (11th Cir. 2004); *United States v. U. S. Currency*, 980 F.2d 1200, 1205 (8th Cir. 1992); *United States v. One 1987 Mercedes 560 SEL*, 919 F.2d. 327, 331 (5th Cir. 1990).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

13.    Circumstantial evidence that links currency to unlawful drug activities may include, but is not limited to, the following evidence:

A claimant's prior connection to unlawful drug activities;
Possession of a large quantity of currency;
Possession of a large amount of currency in smaller denominations;
Method of packaging;
Concealment of currency;
Method and direction of travel by person possessing the currency;
The alert or non-alert of a drug detector dog;
Whether Claimant provided true, consistent or believable statements about the currency's presence and movement;
Claimant's nervousness when encountered by law enforcement;
The income of the person or persons claiming the currency;

Authority: *United States v. $117,920.00*, 413 F.3d 826 (8th Cir. 2005); *United States v. $30,670.00*, 403 F.3d 448 (7th Cir. 2005); *United States v. $242,484.00*, 389 F.3d 1149 (11th Cir. 2004); *United States v. $84,615*, 379 F.3d 496 (8th Cir.

2004); *United States v. $42,500.00*, 283 F.3d 977 (9th Cir. 2002); *United States v. Carrell*, 252 F.3d 1193 (11th Cir. 2001); *United States v. $22,474.00*, 246 F.3d 1212 (9th Cir. 2001); *United States v. One Lot of U.S. Currency, $36,634*, 103 F.3d 1048 (1st Cir. 1997); *United States v. $87,118.00*, 95 F.3d 511 (7th Cir. 1996); *United States v. $67,220.00*, 957 F.2d 280 (6th Cir. 1992); *United States v. Thomas*, 913 F.2d 1111 (4th Cir. 1990); *United States v. $215,300.00*, 882 F.2d 417 (9th Cir. 1989); *United States v. Knox*, 839 F.2d 285 (6th Cir. 1988); *United States v. One 1987 Mercedes 560 SEL*, 919 F.2d 327, 332 (5th Cir. 1990).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

14.    It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges-judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority:  Fifth Circuit Pattern Jury Instructions, Criminal §2.11 (2006).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

15.   When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all the instructions that I have given you concerning your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your verdict form. Unless I direct you otherwise do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

You may now retire to the jury room to conduct your deliberations.

Authority: Fifth Circuit Pattern Jury Instructions, Criminal §2.12 (2006).

ACCEPTED_____
REJECTED_____
MODIFIED_____
WITHDRAWN_____

## VERDICT FORM

1.   Do you find that is more likely so than not so that the Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance?

_____
Yes

_____
No

2.   Do you find that it is more likely than not that the Defendant Currency is traceable to an exchange for a controlled substance?

_____
Yes

_____
No

3.   Do you find that it is more likely than not that the Defendant Currency was used or intended to be used to facilitate any violation of the Controlled Substances Act?

_____
Yes

_____
No

THE ABOVE REPRESENTS THE JURY'S UNANIMOUS VERDICT

_____
Signature of Foreperson


_____
Printed Name of Foreperson


_____
Date of Verdict

Respectfully submitted,

DONALD J. DeGABRIELLE, JR.
United States Attorney


KATHERINE L. HADEN
Texas Bar No. 08677500
Assistant U.S. Attorney
Attorney-In-Charge
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208
Phone: 713-567-9365
Facsimile: 713-718-3300

## CERTIFICATE OF SERVICE

I, Katherine L. Haden, Assistant United States Attorney, do hereby certify

that a true and correct copy of the above and foregoing has been served on counsel

of record via Certified Mail, Return Receipt Requested, on August 28, 2006,

addressed to:

Attorneys for Claimants

Mr. Oscar De La Fuente, Jr.
Rio Grande Law Center
501 E. Tyler
Harlingen, Texas 78550
Telephone: (956) 425-5297
Facsimile: (956) 425-1844

Mr. Paul Fourt
1000 E. Van Buren
Brownsville, Texas 78520
Telephone: (965) 574-0109
Facsimile: (956) 574-0227

Katherine L. Haden
Assistant United States Attorney